In re RUSSELL'S ESTATE.

(Surrogate's Court, New York County. June 19, 1914.)

TAXATION (§ 866*)—INHERITANCE TAXES—ESTATES OF DECEDENTS.

Where a wife gave to her husband a power of attorney to receive a legacy under her father's will, to hold and invest the same for her account, he received the legacy in trust for her, and it was not any part of his estate, and on his death the same could not be included in fixing the inheritance tax.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 866.*]

Proceedings for the ascertainment of a tax on the estate of Horace Russell, deceased, and the amount of commissions allowed to the executors. From an order fixing the tax and the amount of commissions, the State Comptroller and the executors appeal. Reversed, and appraiser's report remitted for correction.

Edward D. Loughman, of New York City, for executors.

Thomas E. Rush, of New York City (Thomas A. S. Beattie, of New York City, of counsel), for State Comptroller.

FOWLER, S. The executors of decedent's estate appeal from the order fixing tax and allege that the amount of commissions allowed to them by the appraiser is less than the amount to which they are legally entitled. The State Comptroller appeals upon the ground that the appraiser erred in deducting $626,801.65 as an indebtedness of the estate. The decedent's wife was entitled to certain personal property as a legatee under the will of her father. She gave the decedent a power of attorney to receive this property and to hold it for her account. He invested some of it, and paid her part of the income from the investments. She did not give the property to him as a gift, nor did she loan it to him; she merely empowered him to invest it for her account. He therefore held it in trust for her, and it did not constitute any part of his estate at the time of his death. It should not be included in the assets of the estate nor deducted as an indebtedness thereof, and the executors are not entitled to commissions upon it.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes