ALBERT KRUG, EXECUTOR, APPELLANT, v. DOUGLAS COUNTY, APPELLEE.

FILED APRIL 9, 1926.  No. 23816.

1. **Taxation:** INHERITANCE TAX. Where persons take property by virtue of a will devising or bequeathing it to them, they are liable for the inheritance tax imposed by section 6153, Comp. St. 1922, on their right of succession under the will; and it is immaterial that the devises or bequests were made for the purpose of carrying out a previous contract between testatrix and her husband, who had formerly owned the property; and it is further immaterial that the devisees and legatees might have otherwise established their right to the property through such contract.

2. ———: LEGACIES: TIME OF PASSING. Subject to the payment of costs of administration, taxes and debts of a testator, title to a legacy passes to his legatee on the death of the testator, notwithstanding that his will is not admitted to probate until after the death of the legatee.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*Isidor Ziegler,* for appellant.

*Henry J. Beal, W. S. McEachron* and *S. L. Winters,* contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

Good, J.

From a finding and decree of the county court of Douglas county, that certain devises and legacies under the will of Anna Krug, deceased, were liable to an inheritance tax amounting in the aggregate to $2,164.29, and ordering the executor to pay the amount to the county treasurer of said county, the executor appealed to the district court, and therein filed his petition as plaintiff, alleging the facts on which he relies as exempting from liability for inheritance tax the property so devised and bequeathed. Defendant, Douglas county, filed a general demurrer to the petition, which was sustained. Plaintiff elected to stand on his petition and not to further plead. Thereupon his petition was dismissed. The executor appeals to this court to review the ruling of the district court on the demurrer to his petition.

The following is a summary of the facts set forth in the petition: On the 24th day of August, 1917, Frederick Krug and his wife, Anna, entered into an oral agreement, whereby he was to make his will and leave to her all of his property, and she was to make a will, simultaneously, in which she would dispose of all of the property received under his will to their children, in the same proportions as would be provided in the will of Frederick Krug, it being further agreed that she would not in any manner during her lifetime sell or dispose of the property so received. Pursuant to this agreement, Frederick Krug executed his will, leaving all of his property to his wife, and by other provisions directing that, in the event his wife should not survive him, his property should go to their children in certain proportions. On the same day Anna Krug also made her will, in which she disposed of all of her property to their children in the same manner and proportions as provided in the will of Frederick Krug. November 18, 1919, Frederick Krug departed this life, and on December 21, 1919, his will was admitted to probate. Two-thirds of the property, less $10,000, was adjudged to be subject to inheritance tax, which was paid. On the 20th day of December, 1919, Anna Krug departed this life. Her will above referred to was duly admitted to

probate and an inheritance tax levied against the legacies and devises to the children of Mr. and Mrs. Krug.

Plaintiff contends that Anna Krug took the entire estate of Frederick Krug merely as trustee for the children of Frederick and Anna Krug; that title did not pass from her to the legatees, named in her will, by virtue thereof, but that the property passed to those legatees pursuant to the oral agreement between Frederick Krug and his wife; that the execution of her will was merely the carrying out of a naked trust. It is also contended that, since Anna Krug died on the day before her husband's will was admitted to probate, she never, in fact, came into possession of the property devised by the will of her husband; that the title to the personal property, constituting by far the greater part of the estate of Frederick Krug, never vested in his widow, and that she, never having acquired title or possession in her lifetime, could not pass title by her will, and for these reasons the legacies in her will are not subject to the tax.

We are required to determine whether, under the facts alleged, the property devised and bequeathed by the will of Anna Krug is exempt from or liable to an inheritance tax. The decision of the question must be governed by a proper interpretation of section 6153, Comp. St. 1922, which, *inter alia*, provides:

"All property, real, personal and mixed which shall pass by will or by the intestate laws of this state from any person who may die seised or possessed of the same while a resident of this state,  *  *  *  or any interest therein or income therefrom, which shall be transferred by deed, grant, sale or gift made in contemplation of the death of the grantor, or bargainer or intended to take effect, in possession or enjoyment after such death, to any person or persons or to any body politic or corporate in trust or otherwise, or by reason thereof any person or body corporate shall become beneficially entitled in possession or expectation to any property or income thereof, shall be and is subject to a tax, at the rate hereinafter specified."

Krug v. Douglas County.

While the question presented is new in this jurisdiction, similar statutes, under a similar state of facts, have been interpreted by many of the courts of sister states. Their decisions are illuminating. From these decisions it would appear that, where the property passes by the will, it is subject to an inheritance tax, even though the devise or bequest was made with the intention of carrying out a previous contract. Among the decisions, in effect so holding, are: *State v. Mollier*, 96 Kan. 514; *In re Kidd's Estate*, 188 N. Y. 274; *Clarke v. Treasurer and Receiver General*, 226 Mass. 301, L. R. A. 1917D, 800; *Leavell's Admr. v. Arnold*, 131 Ky. 426; *People v. Porter, Admr.*, 287 Ill. 401, 7 A. L. R. 1041; *In re Estate of Orvis*, 223 N. Y. 1, 3 A. L. R. 1636; *Hill v. Treasurer and Receiver General*, 227 Mass. 331; *People v. Estate of Field*, 248 Ill. 147, 33 L. R. A. n. s. 230.

In *Matter of Edson*, 38 App. Div. (N. Y.) 19, on rehearing, 159 N. Y. 568, it was decided that, where a devise in a will is absolute in form, and it requires extrinsic evidence to prove that the property was held in trust, the property, nevertheless, passes by the will, is subject to inheritance tax, and the state is not bound by the extrinsic evidence, even though, in accord with the evidence, equity would impress the property with a trust. A like holding was made even where the trust relation had been enforced in another action. *Fairchild v. Edson*, 154 N. Y. 199; *Edson v. Bartow*, 10 App. Div. (N. Y.) 104.

In *State v. Gerhards*, 99 Kan. 462, it is held: "Where persons assume to take property by virtue of a will bequeathing it to them, they are liable for the inheritance taxes imposed on the exercise of their right of succession under the will, and it is immaterial that they might have otherwise established their right to the property through a contract or as *cestuis que trust.*"

The position taken by plaintiff that Mrs. Krug was never seised or possessed of the property devised and bequeathed to her by the will of her husband, because she departed this life previous to the admission of his will to probate, is untenable. The probate of the will merely established

of record the fact that title and right of possession to the property devised and bequeathed were vested in her from the instant that her husband departed this life. The position is also in conflict with that taken wherein plaintiff asserts that Anna Krug took merely as trustee.

It is apparent from the record that the entire estate of Frederick Krug, except the one-third thereof which by law would belong to his wife, by his will passed to his widow, subject, of course, to costs of administration, the payment of taxes and debts of decedent. That part of his estate which passed to her by his will, except the statutory exemption of $10,000, was subject to inheritance tax, which was duly paid by the executor of the will of Mr. Krug. The tax so paid was upon his widow's right of succession to property by will. *State v. Vinsonhaler*, 74 Neb. 675; *In re Estate of Rudge, ante*, p. 335. It also appears that the property which Mrs. Krug had acquired under the will of her husband passed to her children under her will. The title and right of possession to which they succeed is from her and goes to them by her will. They did not take from the father through his will; nor do they take and accept title under any oral contract. It is therefore wholly immaterial that, in equity, they might have compelled performance of the oral agreement, had Mrs. Krug sought to disregard it. The fact remains that they receive and accept succession of title and right of possession by the will of their mother. In fact, the oral agreement by its terms contemplated that the children shall take under the will of their mother and not under the will of their father. The devises and legacies in question fall within the provisions of the statute and are subject to the tax. Nor are the legacies in question subject to a double tax, as argued by plaintiff. The one tax was upon the widow's right of succession to property under one will; the tax in question is on her children's right of succession under another will.

The record is free from error and the judgment is

AFFIRMED.