William F. Sheard died testate February 24, 1932, a resident of, and leaving estate in, Pierce county, Washington. His will, dated August 30, 1930, was admitted to probate February 29, 1932. A portion of his estate was devised to Caroline Sheard, wife of of Harold Prescott Sheard, a son of the testator. To Harold Prescott Sheard and Caroline Sheard, a son, William Franklin Sheard (sometimes spoken of as William Sheard), was born six years prior to the death of the testator, the boy's grandfather. The boy survived his grandfather. Between the date of the execution of the will and the date of the death of the testator, Caroline Sheard and Harold Prescott Sheard were divorced by final decree entered on July 23, 1931. Thereafter, date not shown, she married one Cutting.
In settling the inheritance tax on that portion of the estate of William F. Sheard passing to Caroline Cutting, formerly Sheard, the executor contended that the tax should be fixed at the statutory rate upon an inheritance going to a daughter-in-law, while the supervisor of the inheritance tax and escheat division of *Page 64 
the state contended that it should be reckoned at the higher statutory rate provided for an inheritance going to a stranger to the blood. The superior court entered judgment in favor of the executor. The supervisor has appealed.
The judgment is right if, at the time of the death of the testator, the devisee was his daughter-in-law.
[1] In the absence of some controlling statute to the contrary, it is the law that death or divorce does not sever the tie of affinity between one spouse and the blood relatives of the other spouse, if there be issue of the marriage surviving. Appellant admits this rule, as we understand, but says that our statute changes the rule. The statute, Rem. Rev. Stat., § 11202 [P.C. § 7053], which fixes the rates for inheritance taxes to be imposed on estates subject to the tax, says:
"If passing to or for the use of a father, . . . or to ason-in-law or a daughter-in-law of the decedent, being in suchrelation, the tax shall be one per centum of any value not exceeding fifty thousand dollars; . . . Provided, however, That in the above cases, . . . five thousand dollars shall be exempt to . . . each son-in-law or daughter-in-law of the decedent,such son-in-law or daughter-in-law being in such relation at thetime of the death of said decedent, . . .
"If passing to or for the use of collateral heirs beyond the third degree of relationship or to strangers to the blood, the tax shall be ten per centum of any value not exceeding fifty thousand dollars; . . ." (Italics ours.)
Now, if death or divorce does not sever the tie of affinity in case issue of the marriage survive, certainly nothing in the statute leads to a different result as applied to the present case, since the statute makes clear the time the relationship shall exist, that is, "at the time of the death of the decedent." The statute is plain. The judgment in this respect is correct. *Page 65 
 [2] Another dispute arose between the executor and the supervisor with respect to an inheritance tax concerning the south six feet of lot 7, all of lots 8, 9, 10, 11 and 12, block 1002, as the same appear on the map of New Tacoma, Washington territory, filed for record in the county auditor's office February 3, 1875, which property is held by the Bank of California, N.A., Tacoma branch, as trustee, under a trust deed dated October 30, 1926. It was found and decreed that no inheritance tax was due or owing to the state on account of that property upon the death of William F. Sheard. The supervisor has appealed from this portion of the decree.
William F. Sheard and Elizabeth Sheard, his wife, acquired this real property after their marriage in 1890. On October 15, 1903, he conveyed all his interest in it to her, thus making it her separate property. Rem. Rev. Stat., § 10572 [P.C. § 1443]. On November 12, 1903, she conveyed the property to him in trust for the benefit of their children, reserving support money for themselves, the grantee taking the legal title to the property with a provision in the conveyance that, upon the death of Mr. and Mrs. Sheard, the property should vest absolutely in the children surviving at that time.
On November 15, 1904, Mr. and Mrs. Sheard entered into and signed and acknowledged a written agreement dividing all of their property, in which written agreement they refer to her deed of November 12, 1903, to him as trustee, declaring that that deed was for the benefit of their children, ratifying it in all particulars. On this same day, November 15, 1904, she executed a quitclaim deed to this property to him, and on January 20, 1908, she executed another quitclaim deed to him covering this same property. (It will be noticed that, at the dates of the two last mentioned *Page 66 
instruments, she had no title in the real property, she having theretofore conveyed it to her husband in trust, among other things, principally for the benefit of their children.)
On January 21, 1908, the next day after the date of her last quitclaim deed to her husband above referred to, Mr. and Mrs. Sheard were divorced; the decree, referring to the property settlement theretofore made by the parties, confirmed and approved the settlement, thus decreeing, as against Mr. Sheard, all of the real property involved in the present controversy to be the property of Mrs. Sheard.
On August 28, 1923, Mr. Sheard and the beneficiaries under the trust deed of November 12, 1903 (not including Mrs. Sheard), entered into what purports to be another trust deed conveying this real property to the Bank of California, N.A., Tacoma branch, as trustee, for and under specified purposes and directions set out in the instrument.
Thereafter, October 30, 1926, all of the then living parties interested in and under the trust deeds of November 12, 1903, and August 28, 1923, signed and acknowledged a trust agreement by which all of this real property was conveyed to the Bank of California, N.A., Tacoma branch, as trustee, stating therein that it took the place of the two former deeds, just described, of November 12, 1903, and August 28, 1923. This trust deed of October 30, 1926, gave the trustee possession and control of the property, with directions, among others, to make payments to William F. Sheard during his lifetime out of the income from the property. He was entitled to nothing more under the terms of the trust. The trustee entered into possession of the real property, and has at all times since carried out the terms of the trust.
Upon this evidence and other corroborative facts *Page 67 
and circumstances appearing at the trial, the trial court found:
"That said Caroline Sheard is and was a daughter-in-law of William F. Sheard, being in such relation at the time of the death of said William F. Sheard, because at the time Caroline Sheard was divorced from Harold Prescott Sheard, and at the date of the death of the said William F. Sheard, there was issue of the marriage of Caroline Sheard and Harold Prescott Sheard living, towit: said William Sheard. That said William F. Sheard, in making provision of $300.00 per month in his will for Caroline Sheard, did so on account of the minor child, William Sheard, his grandson, and that in truth and in fact said bequest was not entirely intended for Caroline Sheard but was intended for the benefit of Caroline Sheard and the minor grandchild, William Sheard."
The court further found that, subsequent to October 15, 1903, the date of the deed from William F. Sheard to his wife, William F. Sheard never had any interest in the real property in question, but only the right to receive a part of the income from it during his life-time.
It was further found:
"William F. Sheard did not own any interest in said real estate at the time of his death which was taxable or which passed by deed, grant, sale or gift made or intended to take effect in possession and of enjoyment after the death of William F. Sheard, and the court finds that said property at the time it was originally placed in trust by said Elizabeth P. Sheard, the then wife of William F. Sheard, on November 12, 1903, was the separate property of said Elizabeth P. Sheard and at no time since said property was first placed in trust did the said William F. Sheard have any interest therein other than the right to the use of part or all of the income therefrom during his lifetime, and that no interest whatever in or to said property passed or descended to any one on account of the death of William F. Sheard and that said property *Page 68 
was not placed in trust or conveyed in contemplation of death and said property did not pass by will or by statutes of inheritance of this state or any other state, or by deed, grant, sale or gift made in contemplation of the death of William F. Sheard, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of William F. Sheard, and therefore there is no inheritance tax due the state of Washington, on the death of William F. Sheard, on account of any ownership in or transfer made concerning said above described real estate."
Upon examination and consideration of all the record in this case, it appears that the evidence clearly preponderates in favor of the findings of the trial court. The findings of fact support the conclusions of law and the judgment signed and entered by the trial court in favor of the estate.
In re Ellis' Estate, 169 Wn. 581, 14 P.2d 37, 86 A.L.R. 734, cited by appellant, is not in point. In that case, the decedent, Mrs. Ellis, the owner of the property, by several instruments conveyed it in trust, reserving the income or part of it during her lifetime, the trusts to terminate and the properties involved to be turned over to the beneficiaries upon her death; that is, at the death of the grantor there was a passing of the property or estate, which is the basis of an inheritance tax. In the present case, William F. Sheard was not a grantor or donor. No estate or property of his passed upon his death. This is a case in which a bounty bestowed upon him by another simply ended upon his death.
The judgment appealed from is, in all respects, affirmed.
BEALS, HOLCOMB, STEINERT, and BLAKE, JJ., concur. *Page 69