IN RE MAYER'S ESTATE.

(No. 8,014.)

(Submitted January 22, 1940.  Decided February 8, 1940.)

[99 Pac. (2d) 209.]

*Mr. Ralph J. Anderson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. R. F. Gaines,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by the State Board of Equalization from an order of the district court of Silver Bow county determining that there is no inheritance tax due and payable as a result of the transfer of certain described real property in Butte. The facts presenting the issue are set forth in the petition seeking a determination that no tax is due, as follows:

Estelle Mayer died on February 21, 1938. The records in the office of the county clerk of Silver Bow county disclose that at that time she was the owner of the property involved. The facts are that her husband, Berthold Mayer, paid the whole of the purchase price for the property, has ever since received the rents, issues and profits and paid the taxes thereon. The deeds from the sellers were placed of record in 1916, 1925 and 1933. Title was placed in the name of Estelle Mayer as a convenience and protection to her husband because of conditions then prevailing in Silver Bow county. When title was taken in the name of Estelle Mayer there was an express understanding and

agreement with her husband that she would at any time upon his request execute a deed conveying the property to him. On October 9, 1937, pursuant to his request and without consideration, she made, executed, acknowledged and delivered a deed conveying the property to him, which was recorded April 8, 1938. Estelle Mayer was not the owner of the property at the time of her death nor at any other time.

The State Board of Equalization filed objections to the petition, asserting that it does not state facts sufficient upon which to base an order that no inheritance tax is due. The court found that deceased merely held the property in trust for her husband and was never the owner of it herself, and that in consequence there was no tax due.

Whether or not a tax is due depends upon the interpretation to be placed upon section 10400.1, Revised Codes. That section, so far as material here, provides for a tax upon transfers of property by a resident of the state, "When the transfer is by will or by intestate laws of this state from any person dying possessed of the property while a resident of the state." (Subdivision 1.) Subdivision 3 provides for a tax when the transfer is made in contemplation of death. That subdivision also provides: "Every transfer by deed, grant, bargain, sale or gift, made within three years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without a fair consideration in money or money's worth shall, unless shown to the contrary be deemed to have been made in contemplation of death within the meaning of this section." Subsection 8 provides in part as follows: "All transfers of property real, personal, or mixed, or of any interest therein, coming within the provisions of this section shall be prima facie proof, for the purposes of this Act, to have been made as of the date upon which the papers evidencing such transfer are recorded, and all such transfers, if recorded after the death of the person or persons making such transfer, * * * shall be deemed, for the purposes of taxation under the provisions of this act, to have been made by will."

The board contends that because of the last clause of the above-quoted subsection 8, the transfer in question here by Estelle Mayer to her husband is deemed to have been made by a will. That contention overlooks the fact that the property at all times belonged to the husband and never belonged to Estelle Mayer. It never having belonged to Estelle Mayer, then the property did not pass from her to her husband by will or otherwise. Neither death nor its contemplation affected any beneficial interest in or ownership of the property. Under our laws an ▪ inheritance tax is a tax upon the right or privilege of receiving property by inheritance. (*State ex rel. Davis* v. *State Board of Equalization*, 104 Mont. 52, 64 Pac. (2d) 1057, 108 A. L. R. 1397, and cases therein cited.)

A transfer is taxable when accomplished by will, the intestate ▪ laws or when made prior to death, in which latter event it is similar in nature and effect to a devolution made at the time of death and amounts to a substitution of disposition by will or the intestate laws. (*In re Wadsworth's Estate*, 92 Mont. 135, 11 Pac. (2d) 788; 25 R. C. L. 203.)

A person cannot inherit property from another if he already ▪▪ owns it; in other words, before there can be an inheritance the decedent at some time must have been the owner of the property or holder of some beneficial interest therein. When decedent merely held the record title to property in trust for another, the latter does not acquire it by inheritance upon termination of the trusteeship by death, so as to make it subject to an inheritance tax.

Gleason & Otis on Inheritance Taxes, fourth edition, page 544, states the rule as follows: "Of course the decedent must have title to the property; where it is merely held in trust for another, the termination of the trusteeship at his death does not constitute a taxable transfer." (See, also, 61 C. J. 1670.) Cases illustrating this principle, though not identical on the facts, are: *People* v. *Tombaugh*, 303 Ill. 591, 136 N. E. 453, *In re Peterson's Estate*, 182 Wash. 29, 45 Pac. (2d) 45, *Sheard's Estate* v. *Pemberton*, 181 Wash. 62, 42 Pac. (2d) 34, *In re*

*Vandergrift's Estate,* 105 Pa. Super. 293, 161 Atl. 898, *In re Russell's Estate,* (Sur.) 148 N. Y. Supp. 272, *In re Pierce's Estate,* 132 App. Div. 465, 116 N. Y. Supp. 816, *In re Romney's Estate,* 60 Utah, 173, 207 Pac. 139, and *In re Loeffler's Estate,* 277 Pa. 317, 121 Atl. 186.

Our attention has been called to many cases holding that even though property passes at death pursuant to contract, rather than by will or the intestate laws, it is still subject to an inheritance tax. The following cases are illustrative: *State* v. *Mollier,* 96 Kan. 514, 152 Pac. 771, L. R. A. 1916C, 551; *Krug* v. *Douglas County,* 114 Neb. 517, 208 N. W. 665; *In re Kidd's Estate,* 188 N. Y. 274, 80 N. E. 924. Those cases are not applicable here. There the decedent was the owner of the property at the time of or prior to his death, and the beneficiary received something which he did not theretofore own. Those facts are not before us in this case. Before an inheritance tax can be imposed, there must have been a transfer passing beneficial interest or ownership. Here the husband was the owner of the property at all times. The deed from the deceased to him simply passed the record title to him but did not transfer beneficial interest in or ownership of the property.

It follows that if the husband was at all times the owner of the property, he did not acquire it by transfer from his wife, and hence, the court was right in holding that there was no tax due. This conclusion does not defeat the above-quoted clause from paragraph 8 of section 10400.1, for that paragraph only deals with transfers "coming within the provisions of this section." The first part of that section makes it clear that only such transfers are involved as pass from those dying "possessed of the property."

Our conclusion is further fortified by subdivision 6 of section 10400.1, dealing with joint estates. It provides that upon the death of one joint owner, the rest shall be deemed to take a certain fraction of the property by transfer, but expressly excepts "such part thereof as may be shown to have originally

belonged to the survivor and never to have belonged to the decedent.''

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ARNOLD and ERICKSON concur.