## In re KUHR'S ESTATE
## STATE, Appellant, v. KUHR, Respondent.

No. 8918

Submitted February 3, 1950. Decided April 21, 1950.

270 Pac. (2d) 83

Mr. Arnold H. Olsen, Attorney General, Mr. H. O. Vralstad, Special Assistant Attorney General, H. D. Carmichael, First Assistant Attorney General, for appellant. Mr. Vralstad argued orally.

Mr. Max P. Kuhr, Havre, for respondent. Mr. Kuhr argued orally.

THE HONORABLE JOHN B. McCLERNAN, District Judge (sitting in place of MR. JUSTICE BOTTOMLY, disqualified):

Elsie Kuhr, a resident of Montana, died October 12, 1947. She was survived by her husband, administrator of her estate and respondent here, and four children. At the time of her death she owned or held in her name substantial amounts of real and personal property. Real estate and securities standing in her name only, originally acquired with her own funds, and admittedly a part of her estate, were too small in amount, exemptions considered, to yield any inheritance tax. The bulk of the property reported by decedent's husband to the state board of equalization was real estate and securities originally acquired by the surviving husband with his own funds, had never belonged to the decedent, and which the husband over a period of years had placed in both their names as joint tenants with rights of survivorship and not as tenants in common.

Before the time set for determining inheritance tax in the lower court the board filed written objections claiming that an inheritance tax of about $1,300 was due on the transfer to the husband of the last mentioned property. While not considered relevant here, the fact is mentioned that after the filing of the inventory and appraisement and before the final hearing to determine inheritance tax, the husband commenced and successfully concluded a proceeding to terminate the joint tenancy, the court holding that the interest of the decedent terminated on her death and the title to the real property here disputed was at the time of the decree vested in the surviving husband. At the hearing to determine inheritance tax proof was duly made as to the nature of the tenancy in the disputed property, that it was purchased with funds of the surviving husband, and had never belonged to the decedent. The court thereupon made its order finding that there was no inheritance tax due, and this appeal followed.

The state has assigned twelve specifications of error, half of which are directed at the quantity or quality of the evidence upon which the no tax order is predicated. The board was notified of the hearing in accordance with law, had no counsel present, and now enjoys before this court the same standing as any

other litigant who complains of the character of questions and answers to which he made no objection. The evidence was not conflicting and sustained the findings of the court.

The remaining specifications of error deal with alleged errors of law, which resolve themselves into one fundamental question: Whether the transfer of decedent's interest in the jointly held property, which originally belonged to the surviving husband and had never belonged to decedent, is subject to inheritance tax.

The state urges that the transfers to the wife in joint tenancy are presumed gifts, and in the absence of evidence to rebut this presumption, the wife's half interest constitutes her own separate estate subject to tax. This court has repeatedly held that such transfers between near relatives are presumptively gifts. 41 C. J. S., Husband and Wife, sec. 244, p. 731; 2 Bogert on Trusts & Trustees, sec. 459, p. 1391; Bingham v. National Bank of Montana, 105 Mont. 159, 72 Pac. (2d) 90, 113 A. L. R. 315; Bast v. Bast, 68 Mont. 69, 217 Pac. 345; Clark v. Fleming, 60 Mont. 246; 198 Pac. 546; McQuay v. McQuay, 81 Mont. 311, 263 Pac. 683; McLaughlin v. Corcoran, 104 Mont. 590, 69 Pac. (2d) 597; Lewis v. Bowman, 113 Mont. 68, 121 Pac. (2d) 162. There is no evidence here to rebut that presumption, nor is there any evidence of a trust relationship. Further R. C. M. 1947, sec. 91-4405, formerly subdivision 6 of this section 10400.1 of R. C. M. 1935, requires this interest in a joint tenancy to be regarded, for inheritance tax purposes, as an interest in a tenancy in common devised or bequeathed by will. Were it not for the exception at the end of section 91-4405, there would be no doubt of the taxability of the wife's interest in the joint tenancy.

Section 91-4405 and its exception present the only question in the case. The donor still surviving and the death of the donee having followed the creation of the joint tenancies, the reasoning of the case State Board of Equalization v. Cole, 122 Mont. 9, 195 Pac. (2d) 989, is not relevant. The donor is not a cestui que trust as in the case of In re Mayer's Estate, 110 Mont.

66, 99 Pac. (2d) 209. The ruling of the court below is based squarely on its interpretation of the exception in section 91-4405, which section reads as follows: "Whenever any property, real or personal, is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons, the right of the surviving tenant by the entirety, joint tenant, or joint tenants, person or persons, to the immediate ownership or possession of such property shall be deemed a transfer of one-half or other proper fraction thereof as though the property to which such transfer relates belonged to the tenants by the entirety, joint tenants, or joint depositors as tenants in common, and had been bequeathed or devised to the surviving tenant by the entirety, joint tenant, or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant, or joint depositor, by will, except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent."

It seems quite clear that as to jointly owned property the tax █ provided in section 91-4405 is on the fractional interest of a decedent, one-half, one-third, one-fourth, or whatever interest the decedent owned; that the word "thereof" contained in the exception has reference to the word "property" last preceding; and that the phrase "never to have belonged to the decedent" must necessarily relate to the time prior to the creation of the joint tenancy, or else be entirely meaningless. We therefore interpret the exception to mean,—except such part *of the decedent's fractional share of the property thus deemed to be bequeathed or devised by will* as may be shown to have originally belonged to the survivor and never to have belonged to the decedent *prior to the creation of the joint tenancy.*

While the question does not seem to have been directly decided by the courts, 26 U. S. C. A., sec. 811, Code of Federal Regulations, Title 26, sec. 81.22, and the decision in Re Mayer's Estate, supra, lend support to the interpretation here adopted.

With respect to the foregoing opinion the court is unanimous ▉▉ as to its application to real property. However, the securities involved here included government bonds payable to the survivor. And whether such bonds can ever be held in joint tenancy under the rule of the Cole case is a serious question. But a re-examination of the Cole case is not required. The uncontradicted evidence here would have warranted, in lieu of the finding of joint tenancy, an express or implied finding that these survivor bonds had never left Mr. Kuhr's possession, had remained his own individual property, and hence were not taxable under any theory. Where, as in the case at bar, the state requested a finding that such bonds were held in joint tenancy, and the lower court so found upon uncontradicted evidence, the application of section 91-4405 became the law of the case, and the lower court cannot now be put in error on that account.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, ANGSTMAN AND METCALF concur.

Rehearing denied July 29, 1950.