# PETITION OF HANSON.
## STATE, Appellant, *v.* HANSON, Respondent.
No. 9028.
Submitted April 20, 1951. Decided June 12, 1951.
232 Pac. (2d) 342.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Charles V. Huppe, Asst. Atty. Gen., Mr. H. O. Vralsted, Tax Counsel, Mr. Daniel J. Sullivan, Asst. Tax Counsel, Board of Equalization, Helena, for appellant.

Messrs. Lympus and Cyr, Missoula, for respondent.

Mr. Vralsted, Mr. Sullivan and Mr. Krest Cyr argued orally.

MR. JUSTICE METCALF:

Ethel L. Hanson died intestate April 15, 1949. At the time of her death she was co-owner of certain real and personal property in Missoula county. This is an appeal by the state board of equalization from an order of the district court of the fourth judicial district, in and for Missoula county, holding that no inheritance tax is due upon the transfer of this real and personal property to the surviving husband.

The first disputed item is the tax due on two parcels of real property. One of these parcels consisted of lots 1 and 2 of block 6, South Missoula Addition to the City of Missoula, Mon-

tana, upon which there was an apartment house known as the Lindgren Apartments. This property was conveyed by Mr. and Mrs. Lindgren to Ole Hanson and Ethel L. Hanson, as joint tenants with right of survivorship.

The second parcel was lots 9 and 10 in block 70 of South Missoula, conveyed by Mr. and Mrs. McKinsey to Ole Hanson and Ethel L. Hanson, as joint tenants with right of survivorship.

Ole Hanson testified that Mrs. Hanson did not contribute out of her personal funds any of the purchase price of the property. He was asked: ''What was the reason for carrying this in a joint name?'' His answer was: ''Well, when we bought this apartment house property we were informed by taking joint tenancy deed—I was informed that it would eliminate procedures in a court of probate and that in case of death, the property would go to the survivor.''

The record also contains a stipulation between counsel for the state board of equalization and counsel for Hanson that throws a little more light on the transaction. As to the first parcel, the stipulation reveals that Mr. Hanson negotiated for the acquisition of the property and made a down payment of $1,000 thereon by drawing a check on his personal account in the First National Bank of Missoula. Thereafter the balance of the purchase price was paid by check in the amount of $27,500 drawn on the joint account in the First National Bank of Missoula, held jointly by Ole Hanson and Ethel L. Hanson, which is discussed in more detail below. So that most of the consideration for the purchase of this property came from their joint funds.

The second parcel, which was appraised at $110, the purchase price was paid entirely from Mr. Hanson's own personal income.

The trial court said: ''The evidence shows that certain of the property herein was held by Ole Hanson and the decedent, his wife, in joint ownership, but that all hereof had been purchased by the funds of the said Ole Hanson. The court is of

the opinion that under and by virtue of section 91-4405, and a recent opinion in our Supreme Court in the case of State v. Kuhr, Mont., 220 Pac. (2d) 83, and a decision of our Supreme Court in the case of State Board of Equalization v. Cole, 122 Mont. 9, 195 Pac. (2d) 989, no taxes are due and owing to the State Board of Equalization upon these joint interests.''

R. C. M. 1947, section 91-4405, provides: ''Whenever any █ property, real or personal, is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons, the right of the surviving tenant by the entirety, joint tenant, or joint tenants, person or persons, to the immediate ownership or possession of such property shall be deemed a transfer of one-half or other proper fraction thereof as though the property to which such transfer relates belonged to the tenants by the entirety, joint tenants, or joint depositors as tenants in common, and had been bequeathed or devised to the surviving tenant by the entirety, joint tenant, or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant, or joint depositor, by will, except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent.''

In the Estate of Elsie Kuhr, Mont., 220 Pac. (2d) 83, 85, this court construed that section as follows: ''It seems quite clear that as to jointly owned property the tax provided in section 91-4405 is on the fractional interest of a decedent, one-half, one-third, one-fourth, or whatever interest the decedent owned; that the word 'thereof' contained in the exception has reference to the word 'property' last preceding; and that the phrase 'never to have belonged to the decedent' must necessarily relate to the time prior to the creation of the joint tenancy, or else be entirely meaningless. We therefore interpret the exception to mean, *except such part of the decedent's fractional share of the property thus deemed to be bequeathed or devised by will* as may be shown to have originally belonged to the sur-

vivor and never to have belonged to the decedent *prior to the creation of the joint tenancy.*"

Applying this rule to the facts of the instant case, the property, of course, refers to the two parcels of real property that are in the joint names of Ole and Ethel L. Hanson. Prior to the creation of the joint tenancy in this property, it belonged to neither the decedent nor the survivor. The trial court looked at the source of the consideration for the property. But the statute imposes the tax even though the consideration at some previous time came as a gift from one spouse to the other. It is the property deemed to be bequeathed or devised which must be shown to have originally belonged to the survivor and never to have belonged to the decedent prior to the creation of the joint tenancy. Cf. In re Mayer's Estate, 110 Mont. 66, 99 Pac. (2d) 209. This real property does not meet the tests created by the statute. Creation of the joint tenancy in this property gave each spouse an interest in it, an interest that is taxable by the terms of section 91-4405 as if it had been the interest of a tenant in common, and therefore the right transferred to the survivor in these two parcels of real property is the fractional interest owned by the decedent, or one-half of the value of the property.

The second disputed item is the amount of tax due on three joint bank accounts. One of these accounts was in the Western Montana National Bank of Missoula, amounting to $3,890.38, opened on January 30, 1943. The second was an account in the First National Bank of Missoula in the amount of $1,061.76, opened on January 26, 1946. The third was an account in the First National Bank of Plains in the amount of $321, opened on November 15, 1937. All three accounts were in the name of Ole or Ethel L. Hanson, and both parties signed the signature card as joint depositors with the customary agreement that the money deposited therein by either depositor was to be their joint property; that each depositor was to have complete and absolute authority over the whole or any part of the account during their joint lives, and the bank was authorized to pay any

or all of the money in the account on order of either of the depositors. Upon the death of one of the depositors, the survivor became the sole owner of the account.

The trial court found that all of the money in these accounts was furnished by the survivor Ole Hanson and none by the decedent; that therefore under the provisions of section 91-4405 no tax was due. This, upon the facts, is the reverse of the situation presented in State Board of Equalization v. Cole, 122 Mont. 9, 195 Pac. (2d) 989. In that case all of the money was deposited in the account by the decedent. In the instant case the survivor is the person who made the deposit and under the findings was originally the owner of all of the money.

Turning again to section 91-4405, we find, "Whenever any property, real or personal * * * is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor," the taxes due upon the amount acquired by the survivor are the same as if they were owners as tenants in common, with the same exception that we have treated above, "except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent."

Applying that section to the facts, the personal property involved was the money of Ole Hanson. It was deposited in a bank in the joint names of Ole and Ethel L. Hanson, and it is shown to have originally belonged to the survivor Ole Hanson, never to have belonged to the decedent, before the deposit in the bank, and therefore is not taxable as was held by the trial court. It is true, as contended by counsel for the state, that in creating the joint bank accounts Ole Hanson changed the form of property. He took money, a form of personal property, and deposited it in the bank for which he received a credit which is a chose in action, a different species of personal property. Technically, of course, the chose in action was not owned by the decedent and was not owned by the survivor prior to its creation. But the legislature in the statute distinguishes between property which is held in the joint names of two or more per-

sons, and property deposited in the joint names in banks or other institutions. This is a valid distinction because of the general commercial understanding that money in its form as currency or cash and money deposited in its form as a credit in a bank is one and the same thing, a liquid asset, and is changed freely back and forth by drawing upon that credit in the bank from actual currency to a credit or from a credit to currency again. Therefore the legislature may legitimately in the case of joint deposits of money in a bank go one step further back toward the source of joint deposits and look to the ownership of the property deposited.

The third disputed item consisted of several promissory notes. One of these was a note in the amount of $2,500, payable to "Ole Hanson and Ethel Hanson, husband and wife, as joint tenants with right of survivorship, and not as tenants in common." This note was secured by a real property mortgage with the mortgagees designated in the same way.

The remaining five notes were payable to "Ole or Ethel L. Hanson" and one of them was secured by a real property mortgage made out in the same manner. The other four notes were unsecured. Counsel for the state board of equalization contend that a distinction should have been made between the various notes; that the $2,500 note was personal property held in joint tenancy and the other five were held by Ole Hanson and Ethel L. Hanson as tenants in common.

It is correct that section 91-4405 is applicable only to property held in joint tenancy and the exception in that section can only be applied to such property, so that property, real or personal, held by tenants in common is taxable under the general inheritance tax statutes, whether the portion passing to the survivor was originally owned by him or not. But in this case it was not necessary to make a determination of the type of ownership. In the event the property was held by Mr. and Mrs. Hanson as tenants in common, the tax would be upon the half owned by Mrs. Hanson under the provisions of section 91-4401, R. C. M. 1947. In case the notes or some of them were

held by Mr. and Mrs. Hanson as joint tenants, the tax would still be upon half their value under the provisions of section 91-4405. The property taxed is the credits or choses in action, the various promissory notes, and that property never belonged to the survivor prior to its acquisition by Mr. and Mrs. Hanson and therefore the exception in section 91-4405 never becomes operative. In either case the tax would be the same. The court should have imposed a tax upon half the value of the promissory notes whether held by the Hansons as joint tenants or tenants in common.

The evidence shows that lots 1 and 2 of block 6, South Missoula Addition, upon which was situated the Lindgren Apartments, were purchased by the Hansons for a consideration of $28,500. The deed has affixed to it internal revenue stamps in the amount of $33, indicating a consideration of $30,000. The special appraiser fixed the value of one-half the Lindgren Apartments at $9,000 and the court set the value at that amount. There was no objection to this appraisal at the time of the hearing on the tax. The state, however, in its brief has objected that this appraisal did not represent the true market value.

It is true that the consideration paid for the property is not determinative of its value for inheritance tax purposes. The tax is imposed upon the clear market value of the property at the time of the death of the owner. But such a disparity in valuation between 1946 when the property was acquired and the date of death in 1949 should be explained.

Respondent asserts that this matter cannot be raised for the first time upon appeal. Then respondent explains the difference as follows: "It behooves the respondent to explain to the court that while he paid $28,500.00 for the property, approximately $10,000.00 of the consideration was for the furniture and furnishings in the apartment house. They are furnished apartments." If the furniture was worth $10,000 and half of it belonged to Mrs. Hanson, then that is personal property that was held in joint ownership and subject to tax in the same way as the real property. The inventory of the personal

property does not show the furniture. This item should have been reported to the court and to the state board of equalization in order that the correct tax could be ascertained. Upon the evidence before the court, the trial judge was justified in fixing the value of one-half of the real property, i.e., lots 1 and 2 and the apartment house at $9,000. But in failing to report property subject to tax, the respondent withheld essential information from the court and the board. Evidently the appraiser only fixed the value of the land and buildings and did not appraise the furniture. The trial judge acted reasonably upon the evidence submitted and committed no error but the trial court may have reached a different conclusion had the respondents reported the furniture.

The order determining inheritance tax due upon the estate of Ethel L. Hanson is vacated and set aside and the cause is remanded to the district court to determine the tax due under an amended inventory including the furniture in the Lindgren apartments, after the court has ascertained the ownership of that furniture and secured an appraisal of its value. The value of the estate is to be increased by one-half of the value of the real property above mentioned in item 1 and the promissory notes in item 3 as well as whatever is determined to be Mrs. Hanson's share of the furniture of the Lindgren apartments and its value.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (concurring in part and dissenting in part).

I concur in the holding that the joint bank account is not taxable. I disagree with what is said concerning the taxability of the other items of property involved.

R. C. M. 1947, section 91-4405, must be liberally construed with a view to effect its object. R. C. M. 1947, sec. 12-202.

The purpose of the last two lines of section 91-4405 was to exempt the survivor of a joint tenancy from the payment of an inheritance tax on property which was originally his and hence

which did not come to him by inheritance. The majority opinion holds that the two parcels of real estate never belonged to the survivor Ole Hanson within the meaning of section 91-4405, though it was purchased with his money. With this I do not agree. The court was justified in finding that in creating the joint tenancy the presumption of a gift by Ole Hanson to his wife was overcome by the testimony that the purpose of carrying the property in the joint names was to avoid probate proceedings. The statute does not require that the person claiming the exemption must have originally owned the property any particular length of time. Certainly he and not his wife owned it between the time the money was paid and the making of the deed placing the legal title in the names of the two jointly and this even though it was purchased with money from their joint bank account where as here, the husband furnished all the money going to make up the bank account. The same is true as to the note held by the two jointly.

In my opinion Judge Comer correctly held that there is no inheritance tax due on the two parcels of real estate in question here or on the note held in joint ownership. As to the other notes, as well as the one held jointly, the record shows that Ole Hanson at all times had control and dominion over them. They were never delivered to decedent Ethel L. Hanson. Had Ole Hanson died before his wife, she would have had to pay a tax on the entire amount represented by the notes. In re Brown's Estate, 122 Mont. 451, 206 Pac. (2d) 816. This would have been so because of the fact that the notes remained the property of Ole Hanson notwithstanding they were payable to the two jointly or in the alternative. Being already his property they were not acquired by him through inheritance and hence Judge Comer properly held there was no inheritance tax due thereon.

I think the judgment should be affirmed in its entirety.

MR. JUSTICE FREEBOURN:

I concur in what has been said herein by Mr. Justice Angstman.