IN THE MATTER OF THE ESTATE OF LULU B. POWELL, DE-
CEASED, THE STATE BOARD OF EQUALIZATION OF THE
STATE OF MONTANA, APPELLANT, *v.* JOHN MAURICE POW-
ELL, ADMINISTRATOR OF THE ESTATE OF LULU B. POWELL,
DECEASED, RESPONDENT.

No. 10508
Submitted March 19, 1963. Decided May 23, 1963.
381 P.2d 957.

John R. Kline (argued), Helena, for appellant.

134

Burns & Thomas, Harry L. Burns (argued), Chinook, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the State Board of Equalization from a judgment and decree entered in the district court of Blaine County, Montana, which excluded certain property from imposition of inheritance taxes.

There appears to be no dispute on the facts. Lulu B. Powell, wife of John R. Powell and mother of John Maurice Powell, died on January 28, 1960. At the time of her death certain United States bonds contained this designation: "John R. Powell or Mrs. Lulu B. Powell." Certain other United States bonds contained her name and that of her son. All bonds, together with other property, were listed in the inventory filed in her estate. Following the filing of the inventory, the administrator filed a petition to exclude the bonds and three joint bank accounts from inheritance tax. Objections to such petition were filed by the State Board of Equalization, hereafter referred to as the Board, which contended that if the property was held in joint tenancy it would come within the provisions of section 91-4405, R.C.M. 1947, as amended, and be taxable unless it fell within the exception set out in that section.

At the hearing it was stipulated that the bonds issued in the names of the husband and wife were purchased by the husband from his own funds. The undisputed testimony was that the bonds were kept in the sole possession of the husband, first at his home and then later deposited in a safety deposit box held in both the names of the husband and wife, but that while the wife could have access to the safety deposit box, she never did.

As to the three joint bank accounts the Board withdrew its objections and conceded they were the property of the husband.

As to the bonds issued in the names of the mother and son the undisputed testimony was that the son, while in service, sent

the money home out of his Army pay to have the bonds purchased for him; that the mother never owned any part of the bonds; that the bonds were kept for him by his parents until he came back from his service overseas with the Army.

The court found that as to the first group of bonds that the money used in the purchase was all furnished and belonged to the husband and they were not purchased with any funds of the wife; that the bonds were deposited in a joint safety deposit box but they were never in the actual possession nor handled at any time by the wife; that as to the second group of bonds, the money used in the purchase was furnished entirely by the son and none of it was at any time furnished by his mother. The court concluded that the decedent had no taxable interest in any of the bonds and entered judgment accordingly.

The sole contention of the Board on this appeal is that the bonds having been acquired in co-ownership form and held in the possession of the survivor at the time of decedent's death they are taxable under the provisions of section 91-4405, R.C.M.1947, as amended.

This section reads.

"Whenever any property, however acquired, real or personal, tangible or intangible, including government bonds of the United States, inscribed in co-ownership form, or held in joint tenancy by two [2] or more persons, or as tenants by the entirety, or is deposited in any bank or other depositary in the joint names of the two [2] or more persons and payable to the survivor or survivors of them upon the death of one of them, the right of the survivor or survivors to the immediate possession or ownership is a taxable transfer. The tax is upon the transfer of decedent's interest, one-half or other proper fraction, as evidenced by the written instrument creating the same, as though the property to which the transfer relates belonged to the joint tenants, tenants by the entirety, joint depositors, holders in co-ownership form, or persons, as tenants in common, and had been, for

inheritance tax purposes, bequeathed or devised to the survivor or survivors by will, except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent. This section shall not be construed to repeal or modify the provisions of section 91-4402, Revised Codes of Montana, 1947."

Prior to its amendment in 1951 by Chapter 181 of the 1951 Session Laws, section 91-4405 read:

"Whenever any property, real or personal, is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons, the right of the surviving tenant by the entirety, joint tenant, or joint tenants, person or persons, to the immediate ownership or possession of such property shall be deemed a transfer of one-half or other proper fraction thereof as though the property to which such transfer relates belonged to the tenants by the entirety, joint tenants, or joint depositors as tenants in common, and had been bequeathed or devised to the surviving tenant by the entirety, joint tenant, or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant, or joint depositor, by will, except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent."

The Board contends that under our holding in In re Marsh's Estate, 125 Mont. 239, 234 P.2d 459, these United States bonds were not joint property taxable under section 91-4405, before its amendment, but were property of the co-owner who retained possession and were taxable under section 91-4402, R.C.M.1947, as a transfer intended to take effect after death, following our opinions in State Board of Equalization v. Cole, 122 Mont. 9, 195 P.2d 989, and in In re Brown's Estate, 122 Mont. 451, 206 P.2d 816. Section 91-4405, having been amended so as to include co-ownership bonds in like manner as those held in joint

tenancy, by reason of the addition in the amended statute of the words "however acquired" it can no longer look to the consideration, possession or control, but must impose the tax.

The Board disposes of the clause which reads: "except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent," by its contention that since the bonds were acquired in both names the origin was a joint tenancy and the exception did not apply.

It would seem that the reasoning expressed by this court in State v. Hanson, 125 Mont. 174, 179, 232 P.2d 342, disposes of this last contention by this language:

"Applying that section to the facts, the personal property involved was the money of Ole Hanson. It was deposited in a bank in the joint names of Ole and Ethel L. Hanson, and it is shown to have originally belonged to the survivor Ole Hanson, never to have belonged to the decedent, before the deposit in the bank, and therefore is not taxable as was held by the trial court. It is true, as contended by counsel for the state, that in creating the joint bank accounts Ole Hanson changed the form of property. He took money, a form of personal property, and deposited it in the bank for which he received a credit which is a chose in action, a different species of personal property. Technically, of course, the chose in action was not owned by the decedent and was not owned by the survivor prior to its creation. But the legislature in the statute distinguishes between property which is held in the joint names of two or more persons, and the property deposited in the joint names in banks or other institutions. This is a valid distinction because of the general commercial understanding that money in its form as currency or cash and money deposited in its form as a credit in a bank is one and the same thing, a liquid asset, and is changed freely back and forth by drawing upon that credit in the bank from actual currency to a credit or from a credit to currency again. Therefore the legislature may legitimately in the case of joint deposits of money in a bank go one step further back toward the source

of joint deposits and look to the ownership of the property deposited."

Since we are to construe legislation and apply the law as we find it, we cannot agree with the interpretation contended for by the Board in this cause and hold that the district court was correct. It appears to us that we must give meaning to the "except clause" as we did in In re Kuhr's Estate, 123 Mont. 593, 220 P.2d 83. Here the undisputed testimony is that the bonds were shown to have never belonged to the decedent and the exception must be deemed to apply.

The judgment is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE, concur.