IN THE MATTER OF THE ESTATE OF PAUL L. PARKS, DECEASED.

No. 10891.
Submitted March 11, 1965. Decided April 15, 1965.
401 P.2d 83.

William A. Douglas (argued), Helena, for appellant.

Hughes & Bennett, Helena, George T. Bennett (argued), Helena, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of the district court determining that no inheritance tax was due on shares of corporate

stock which had been purchased by a surviving widow with her own separate funds and held in her exclusive possession, where the shares had been registered in the joint names of the deceased husband and surviving widow.

The lower court determined that the surviving widow held the shares of stock on the date of her husband's death "as her sole and individual property," and, that since the surviving widow had furnished the entire purchase price for the shares, no inheritance tax was due upon the shares by reason of the death of the husband.

The widow had been employed by Mountain States Telephone and Telegraph Company for more than thirty years. During that time she purchased shares of A. T. & T. Company stock with her wages on a company plan. By purchase and stock splits, these shares had accumulated to 118 shares valued at $15,848.88 at the date of her husband's death.

The Board of Equalization specifies as a single error the conclusion of law and order that the value of these shares are not subject to inheritance tax.

In Estate of Powell, 142 Mont. 133, 381 P.2d 957, this court construed R.C.M.1947, § 91-4405, as amended by Chapter 181 of the 1951 Session Laws. In the Powell case, we construed the exception appearing in section 91-4405, which reads as follows:

"* * * except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent."

We construed that exception to mean the government bonds purchased by a husband and son, registered in the deceased's name as a joint tenant, were excluded from the inheritance tax.

The only difference between the instant case and the Powell case is the nature of the property, shares of corporate stock here, government bonds there.

The appellant Board here argues that corporate stock should be treated differently from United States bonds and that, in the case of corporate stock, proof of the source of the

purchase is immaterial. The Board relies on State v. Hanson, 125 Mont. 174, 232 P.2d 342, an earlier case decided prior to the amendment to section 91-4405, in 1951. The Board asserts that since the Hanson case was not overruled in the Powell case it still is the law. This, of course, does not follow since the law was amended. It was amended by adding a clause to the property description, "however acquired" and also the descriptive terms "tangible or intangible." Thus, after amendment, the entire section, including the exception clause applies whether the property is tangible or intangible and no matter whether the purchase price or the actual property is the subject of the joint tenancy.

In addition the 1951 amendment added the following phrase "upon the death of one of them, the right of the survivor or survivors to the immediate possession or ownership is a taxable transfer." We think this clause, when read in conjunction with the exception clause, shows that a "transfer" is taxed, but what is not in reality a "transfer" to the survivor (the survivor having always owned the property) is not.

It appears clearly that our opinion in the Powell case, supra, 142 Mont. 133, 138, 381 P.2d 957, 959, holding that the exception applies is sound. There we said:

"Since we are to construe legislation and apply the law as we find it, we cannot agree with the interpretation contended for by the Board in this cause and hold that the district court was correct. It appears to us that we must give meaning to the 'except clause' as we did in In re Kuhr's Estate, 123 Mont. 593, 220 P.2d 83. Here the undisputed testimony is that the bonds were shown to have never belonged to the decedent and the exception must be deemd to apply."

The same is true here, the unchallenged finding of the district court is that the shares were shown to have never belonged to the decedent and the exception applies. The surviving wife furnished all of the consideration to purchase the corporate stock which she held as her own property at the death of her husband.

The order of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.