No. 13687

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN THE MATTER OF THE
ESTATE OF GRACE C. BAIER,
Deceased.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding

Counsel of Record:

For Appellant:

Donald Smith argued, Helena, Montana

For Respondent:

Drysdale, McLean and Screnar, Bozeman, Montana
James J. Screnar argued, Bozeman, Montana

---

Submitted:  May 27, 1977

Decided:  AUG 15 1977

Filed:  AUG 15 1977

*Thomas J. Kearney*
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the Department of Revenue of the state of Montana, from an order of the district court, Gallatin County, allowing a deduction from the value of property held by decedent in joint tenancy with her husband, of the total amount of the obligations in respect of such property, in determining the amount of inheritance tax due.

Grace C. Baier, died on June 25, 1975. Her sole legatee under her last will and testament was her spouse Jack Baier, who was named as personal representative in the will. The bulk of her estate consisted of property, both real and personal, held in joint tenancy with Jack Baier, with a total value of $62,071.32.

The estate filed Department of Revenue Form INH-2, an Application for a Determination of Inheritance Tax, and it included one-half the total value of the property in computing the clear value of the estate subject to inheritance tax. The decedent's taxable interest regarding the joint property was therefore listed as $31,035.66. The value of other property was also included, resulting in a total clear value of $41,483.10. The estate proceeded to deduct the full amount of joint and several debts owed by decedent and Jack Baier, which were secured by the joint tenancy property. The total of the claimed deductions by virtue of the joint obligations amounted to $16,973.58. Other deductions in the amount of $2,839.38 were also taken, yielding a total claimed deduction figure of $19,812.96. The estate subject to taxation was thus asserted to be $21,670.14. After taking the $25,000 exemption available to the legatee under Montana law, the estate contended the total amount taxable was reduced to zero and that no tax was therefore due or payable on the inheritance.

The Department of Revenue, on October 20, 1976, filed a Certificate of Inheritance Tax indicating that $206.24 was due

and payable. Its computation was based on a deduction of only one-half rather than the full amount of the debts secured by the property held in joint tenancy. Following objections to such determination by Jack Baier, as personal representative of decedent's estate, a hearing was held and an order issued permitting deduction of the full amount of the debts. The Department of Revenue appeals from this order.

The sole issue on appeal is whether the total value of obligations outstanding against joint tenancy property is deductible in arriving at a determination of the value of the estate subject to tax. The district court held it was. We affirm.

In determining the value of a decedent's estate which is subject to inheritance tax, only one-half of the value of property held in joint tenancy by decedent and another is required to be included. Section 91-4405, R.C.M. 1947, provides:

> "Whenever any property, however acquired, real or personal, tangible or intangible * * * inscribed in co-ownership form, or held in joint tenancy by two or more persons * * * the right of the survivor or survivors to the immediate possession or ownership is a taxable transfer. The tax is upon the transfer of decedent's interest, one-half or other proper fraction, as evidenced by the written instrument creating the same, as though the property to which the transfer relates belonged to the joint tenants * * * and had been, for inheritance tax purposes, bequeathed or devised to the survivor or survivors by will * * *."

Inclusion of but one-half or other proper fraction in the case of a joint tenancy is recognized by Montana case law. Estate of Parks, 145 Mont. 333, 401 P.2d 83; In re McAnelly's Estate, 127 Mont. 158, 258 P.2d 741. The Department of Revenue does not contest the inclusion of only one-half the value of joint tenancy property.

Certain deductions from the "clear market value" of the estate subject to taxation are made available by statute. One such deduction is allowed for " * * * debts of the decedent owing

at the date of death * * *". Section 91-4407, R.C.M. 1947. The tax is then assessed upon the net estate, the personal representative being liable only for the tax chargeable on the property actually passing, or, as here, treated by law as passing through his hands.

This Court in Board of Equalization v. Power, 156 Mont. 100, 103, 476 P.2d 506, established what the statutory term "clear market value" is in Montana:

> " * * * In our view the term is self-explanatory without further definition. Market value by its very language simply means value in the open market, i.e. the price which a buyer willing but not obliged to buy would pay a seller willing but not obliged to sell, both having full knowledge of all pertinent facts affecting value. 'Clear' as used in the phrase 'clear market value' is synonymous with the word 'net,' i.e. the market value after allowable deductions.

> "From the foregoing it is apparent that 'clear market value' for Montana inheritance tax purposes has but one established meaning equally applicable to all estates, and such meaning does not vary when applied to different estates. A single uniform standard is established by which value is determined for inheritance tax purposes. Thus, while facts and circumstances of the individual case may affect the market value of a given item of property, they cannot vary or alter the standard of market value by which inheritance tax valuations are determined." 156 Mont. 103.

Applying this standard to the instant case, where creditors have the right to enforce the entire obligation against the obligors personally or individually, Morgen & Oswood Co., Inc. v. U.S.F. & G. Co., 167 Mont. 64, 535 P.2d 170, we find that the entire amount of the obligation is a deductible "debt of the decedent" joint tenant under section 91-4407, R.C.M. 1947.

The crux of this case is whether the entire indebtedness secured by property held in joint tenancy by decedent and her surviving husband is deductible in computing the net taxable estate. Although the amount of tax in controversy here is minimal, the ramifications of any other result would be far-reaching and

- 4 -

substantial. In effect, to charge only half the indebtedness to the estate would permit inheritance taxation on a valuation that exceeds the value of the inheritance.

The controlling statute is section 91-4407, R.C.M. 1947. This statute permits a deduction for inheritance tax purposes of "debts of the decedent owing at the date of death". In this case the indebtedness in controversy is evidenced by four separate and unrelated notes executed by decedent and her husband as co-makers secured by four different joint tenancy properties. All parties concede that the liability evidenced by these notes is joint and several.

By reason of decedent's several liability on these notes, she was indebted for the entire balance owing on each note at the time of her death. Such unpaid balances constitute "debts of the decedent owing at the date of death" deductible under section 91-4407. We cannot torture this statutory language to mean one-half of such debts.

In construing a statute, the intention of the legislature is controlling. Section 93-401-16, R.C.M. 1947. The intention of the legislature must first be determined from the plain meaning of the words used, and if the meaning of the statute can be so determined, the courts may go no further and apply any other means of interpretation. Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660, and cases cited therein. Where the language of a statute is clear and unambiguous on its face, the statute speaks for itself and there is nothing for the Court to construe. Treasure State Games, Inc. v. State of Montana, ____Mont.____, 551 P.2d 1008, 33 St.Rep. 626; Montana Ass'n of Tobacco & Candy Distributors v. St. Bd. of Equal., 156 Mont. 108, 476 P.2d 775. The function of the Court is simply to ascertain and declare what in terms or in substance is contained in the statute and not to insert what has been

- 5 -

omitted. Section 93-401-15, R.C.M. 1947. In short, it is simply the duty of the Supreme Court to construe the law as it finds it. Dunphy v. Anaconda Co., supra, and cases cited therein.

It is not a question of adding to the statutory language "debts of the decedent" the further words "and her joint tenant" simply because the several liability of decedent on the notes makes her indebted for the entire unpaid balance. Instead, it is a refusal to add the words "one-half of the" to the statutory language "debts of the decedent".

The Department of Revenue urges the use of the principle of contribution to support its argument, citing In re Kershaw's Estate, 352 Pa. 205, 42 A.2d 538, and in Matter of Estate of Hoffman, 15 Wash.App. 307, 548 P.2d 1101. Although both cases are distinguishable on the facts, the real vice of using the right of contribution to slice the deduction in half lies in the arbitrary and unjust results it produces in individual cases. For example, if the total unencumbered value of the joint tenancy property cannot be reduced by the full amount of indebtedness owing thereon, the taxpayer is being taxed on a value exceeding his inheritance. Or, if the surviving co-maker of a note is bankrupt or otherwise judgment proof, the right of contribution is purely theoretical, illusory and meaningless. Or if the surviving co-maker's assets are encumbered by prior security agreements covering indebtedness not dischargeable for years, the value of the right of contribution is sharply reduced. We find it is unjust and contrary to the intent of the legislature to permit inheritance taxation based upon inflated and fictitious values.

In summary, decedent's liability for the indebtedness arose as co-maker of the notes, not as a joint tenant in the property securing payment thereof. As co-maker, her liability

- 6 -

was several. On the date of her death, she owed and was liable for the entire unpaid balance of the notes. This constituted a debt deductible in full under section 91-4407. To hold otherwise would violate the clear language of the statute and deny the taxpayer full deductibility of offsetting indebtedness that would reduce the gross value of the property subject to inheritance tax.

The judgment of the district court is affirmed.

_____
                                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices