No. 85-148

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

GARY JACK LANCASTER and DON LAWRENCE
HENRIKSEN,

        Petitioners and Appellant,

   -vs-

DEPT. OF JUSTICE, DIVISION OF MOTOR
VEHICLES,

        Respondents and Respondents.


APPEAL FROM: The District Court of the Eighteenth Judicial District,
        In and for the County of Gallatin,
        The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Linda McNiel, Bozeman, Montana

    For Respondent:

        Barbara Claassen, Asst. Attorney General, Helena,
        Montana
        Martin Lambert, Deputy County Attorney, Bozeman,
        Montana


Submitted on briefs: Aug. 1, 1985

Decided: September 18, 1985

Filed: SEP 18 1985

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Gary Lancaster and Don Henriksen (appellants) appeal the findings of fact, conclusions of law and order of the District Court of the Eighteenth Judicial District granting the Division of Motor Vehicles' (respondents) motion to quash an alternative writ of mandate.

Appellants were both cited in separate incidents with second offense driving under the influence of alcohol. Both moved the Justice Court of Gallatin County, to strike their prior convictions as constitutionally invalid because their prior convictions failed to show whether the appellants were advised of their constitutional rights or whether they expressly waived their rights prior to entering their pleas of guilty. These motions were granted. Both appellants then pled guilty and were sentenced as first time DUI offenders. Their driver's licenses were suspended for 6 months with the opportunity to apply for provisional licenses for employment purposes.

The Division of Motor Vehicles was sent copies of the orders striking the appellants prior DUI convictions but they refused to strike the conviction from the appellants' records. The Division of Motor Vehicles revoked appellants' licenses for a period of one year.

On December 17, 1984, an alternative writ of mandate was issued by the District Court staying the actions of the Division of Motor Vehicles. The Division filed a motion to quash the writ. A hearing was held on the writ and the motion to quash. On February 11, 1985, the motion to quash the alternative writ of mandate was granted. The appellants appeal the granting of that motion on the following issues:

2

1. Is the decision of the justice court res judicata?

2. Did the District Court properly rule that the appellants' prior uncounseled convictions could be used for purposes of driver's license revocation?

I.

The doctrine of res judicata only pertains where a claim or issue has been previously litigated. Res judicata does not apply where the issues dealt with in the two relevant causes of action are not the same. Brault v. Smith (Mont. 1984), 679 P.2d 236, 41 St.Rep. 527.

In this case, the District Court dealt with an issue different than the issue considered by the justice court. The justice court considered the issue of whether a prior uncounseled conviction could be considered in the sentencing of the appellants for the criminal matter of DUI. The District Court considered whether the appellants' prior uncounseled convictions could be used in the civil matter of revoking their driver's licenses.

The issues considered in the two causes were not the same and the matter is not res judicata.

II.

The appellants contend that the Division of Motor Vehicles considered null and void convictions to revoke their drivers' licenses. They argue that when a prior conviction is determined by a court to be unconstitutional, that court is empowered to direct the Division of Motor Vehicles not to impose mandatory sanctions based upon that prior conviction. We disagree.

In the first place, nowhere in the statutes is the justice court given the authority to vacate a conviction. Section 3-10-303, MCA. In the second place, the justice

3

court does not have the jurisdiction or authority to direct alteration of the Division's records.

The Division has the duty of maintaining records of convictions of licensees pursuant to § 61-11-102(2), MCA. The order issued by the justice court granting the appellants' motions to strike their prior convictions does not affect this duty of the Division.

The suspension or revocation of a driver's license is a civil proceeding and not a criminal prosecution. The striking of the convictions by the justice court to avoid enhancement of the criminal penalty had nothing to do with the Division's civil revocation of driver's privileges.

The District Court is affirmed.

Justice

We concur:

Chief Justice

Justices

4