No. 86-245

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN THE MATTER OF THE SUSPENSION OF
THE DRIVER'S LICENSE OF WAYNE BLAKE,

        Petitioner and Respondent,

-vs-

STATE OF MONTANA,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Kimberly A. Kradolfer, Asst. Atty. General, Helena
        Tom Scott, County Attorney, Dillon, Montana

    For Respondent:

        Max A. Hansen, Dillon, Montana

---

Submitted on Briefs: Feb. 19, 1987

Decided:    March 30, 1987

MAR 3 0 1987
Filed:

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The State appeals an order of the Beaverhead County District Court granting Blake's petition for a provisional or restricted driver's license based upon hardship factors. The issue on appeal is whether a provisional or restricted license may be granted upon hardship factors. We affirm in part and reverse in part.

This is the second appeal of this action, the Court having previously taken up the case in Matter of Suspension of Driver's License of Blake (Mont. 1986), 712 P.2d 1338, 43 St.Rep. 143 (hereafter Blake I).

On October 10, 1984, Blake attended a club meeting in Dillon, Montana. After the business meeting, most of the members played cards and socialized. Blake admitted drinking four or five beers that night. Blake and a fellow club member, Parker, were the last members to leave the meeting. They drained several water pipes and locked the building before getting into their cars to drive home between 1:30 a.m. and 2:00 a.m.

Blake traveled north on Montana Street through downtown Dillon with Parker following. A police officer was driving south on Montana Street when he observed Blake driving erratically. The officer testified that Blake swerved in and out of his driving lane numerous times. Parker testified that Blake swerved just once. Blake claimed he swerved to avoid a pedestrian; however, neither the officer nor Parker claimed to see a pedestrian. The officer stopped Blake and administered several field sobriety tests, none of which were performed successfully. Blake was arrested for driving under

2

the influence of alcohol and was taken to the police station where he refused to take a breathalyzer test. The officer seized Blake's driver's license and the State subsequently suspended Blake's driving privileges for 90 days.

Blake appealed the suspension to District Court alleging the police lacked reasonable grounds (under § 61-8-402, MCA) to believe he had been driving a vehicle while under the influence of alcohol. The trial judge held that: (1) the initial stop was illegal for the police lacked reasonable grounds to believe that Blake was operating a motor vehicle while under the influence of alcohol prior to the time Blake was stopped, and (2) since the initial stop was illegal, Blake's driver's license should not have been suspended. The State's motion for rehearing was denied, the trial judge holding to his belief that the officer was not justified in making the investigatory stop.

On appeal we found that the trial judge failed to address the issues provided under the statute granting the appeal (§ 61-8-403, MCA). We held that the police officer had apparently met the statutory requirements by proving: (1) reasonable grounds to believe Blake was driving under the influence of alcohol, (2) that Blake was placed under arrest, and (3) that Blake refused to submit to the breathalyzer test. Blake I, 712 P.2d at 1341. We concluded that the District Court should have disposed of the case based upon the requirements of § 61-8-403, MCA, and we intended to remand to the lower court for findings on that basis but instead we stated "[w]e remand the case for further hearings on whether the petitioner should be granted a restricted driving permit." Blake I, 712 P.2d at 1341.

3

The trial judge interpreted this statement as a judicial broadening of § 61-8-403, MCA, from a three part to a four part test so as to encompass the hardship aspects of a particular case:

> The Supreme Court remanded this cause for findings as to the following:
>
> 1. Did the officer have reasonable grounds to believe petitioner had been driving a motor vehicle while under the influence of alcohol?
>
> 2. Whether or not the petitioner was placed under arrest?
>
> 3. Whether the petitioner refused to submit to a blood alcohol test?
>
> 4. Whether petitioner should be granted a restricted driving permit?
>
> The issues have been briefed and submitted. From the record, the Court makes the following:
>
> ### FINDINGS OF FACT
>
> 1. Following the stop, the officer had reason to believe petitioner had been driving while under the influence of alcohol;
>
> 2. Petitioner was placed under arrest;
>
> 3. Petitioner refused to take a blood alcohol test;
>
> 4. Petitioner's driving privileges were suspended by the Motor Vehicle Division under section 61-8-402 on October 14, 1984, and [the license] was returned pursuant to an order of this Court on

4

December 1, 1984. He was without a
license a total of 48 days.

5. The companion criminal action in the
Dillon City Court charging the petitioner
with driving while intoxicated was
dismissed on motion of the City on April
15, 1985.

6. The records show without dispute that
petitioner is by occupation a truck
driver and the sole support of a young
family consisting of a wife and two small
children. Without a driver's license he
would be without employment, and his
family would in all probability become a
public charge.

From his reading of Blake I, the trial judge concluded that
Blake was entitled to a provisional or restricted driver's
license for employment purposes for the remaining 42 days of
the suspension:

I

The summary suspension of the
petitioner's driving privileges on
October 14, 1985 was under the statute,
as interpreted by the Supreme Court in
this cause, proper and is hereby
affirmed. Petitioner is given credit for
48 days on the summary 90-day suspension.
The Court's previous stay order is
vacated.

II

That pursuant to the Supreme Court's
mandate herein, the Court finds that the
petitioner is entitled to an appropriate
provisional or restricted driver's permit
for the balance of 42 days of his
suspension. The restricted license shall
be on such reasonable terms and

5

conditions as the Motor Vehicle Division shall impose consistent with the spirit and intent of this order; to restrict his operation of a motor vehicle during the remaining period of the suspension to the driving necessary in the course of his employment.

The suspension or revocation of a driver's license is a civil proceeding. Lancaster v. Dept. of Justice (Mont. 1985), 706 P.2d 126, 128, 42 St.Rep. 1425, 1427. A suspension of driving privileges serves the purpose of protecting the unsuspecting public. In Re France (1966), 147 Mont. 283, 411 P.2d 732.

We recently discussed what is commonly called the implied consent statute in Matter of Orman (Mont. 1986), ____ P.2d ____, ____, 43 St.Rep. 2228, 2230.

Section 61-8-402, MCA, in substance provides that any person who operates a vehicle upon the roads of this state shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested by a police officer for driving under the influence of alcohol.

Subsections (3) and (5)(a) of § 61-8-402, MCA, read as follows:

(3) If a resident driver under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the arresting officer as provided in subsection (1) of this section, none shall be given, but the officer shall, on behalf of the department, immediately seize his driver's license. The peace officer shall forward the license to the department, along with a sworn report

6

that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the department shall suspend the license for the period provided in subsection (5).

. . .

(5) The following suspension and revocation periods are applicable upon refusal to submit to a chemical test:

(a) upon a first refusal, a suspension of 90 days with no provision for a restricted probationary license. (Emphasis added.)

As we stated in Orman, ____ P.2d at ____, 43 St.Rep. at 2230:

Section 61-8-403, MCA, controls the appeal from the suspension of a license to the district court and in part limits the issues to be considered by the court as follows:

". . . the court shall take testimony and examine into the facts of the case, except that the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, whether the person was placed under arrest, and whether such person refused to submit to the test. The court shall thereupon determine whether the petitioner is entitled to a license or is

7

subject to suspension as heretofore provided." (Emphasis added.)

The function of this Court is simply to ascertain and declare what in terms or in substance is contained in the statutes and not to insert what has been omitted. Matter of Estate of Baier (1977), 173 Mont. 396, 567 P.2d 943. Where the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself. State ex rel. Palmer v. Hart (1982), 201 Mont. 526, 655 P.2d 965. Section 61-8-402, MCA, is patently clear that when a police officer has reasonable grounds to believe a person was driving or in actual physical control of a vehicle while under the influence of alcohol and the person refuses to take a chemical test, the State shall automatically suspend that person's driver's license for 90 days upon first refusal. More importantly, the statute explicitly states that the driver will not be entitled to a restricted probationary license. This Court is not at liberty to make additions to a statute, for to do so would interfere with the domain of the legislature.

As we said in Orman, the driver has the right to appeal the suspension to the District Court under § 61-8-403, MCA. The statute limits the inquiry to: (1) whether the police officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, (2) whether the person was placed under arrest, and (3) whether such person refused to submit to the test.

Section 61-8-403, MCA, does not grant authority to the trial judge to consider the issue of hardship as a mitigating

8

factor and does not give the judge the authority to grant a restricted or probationary driver's license. The final sentence in the statute reads: "The court shall thereupon determine whether the petitioner is entitled to a license or is subject to suspension as heretofore provided." This means that a court must determine if the license suspension was proper under the three part test of § 61-8-403, MCA. On remand, the District Court did apply the three part test and found that Blake's license was properly suspended. We affirm the District Judge's application of the test and his decision to suspend Blake's driving privileges. We reverse his decision that Blake be granted a provisional or restricted license for employment purposes.

Affirmed in part, reversed in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:


In this case Wayne Blake is guilty of <u>no</u> crime. The purported charge against him was dismissed on the motion of the city, an admission by the City that it had no evidence upon which it could convict Blake. Is it then lawful that a guiltless citizen can be deprived of a valuable property right, his driver's license, merely on the unfounded suspicion of a law enforcement officer? Certainly not, or I should say, certainly not in a country that asserts that life, liberty and the pursuit of happiness are inalienable rights.

This Court erred in its holding in Blake I (1986), 712 P.2d 1338. Unable to admit its error, this Court compounds its error by insisting that an innocent man be further punished. To paraphrase Goldsmith, "Woe to the land, to hastening ills a prey, where courts contribute to the law's decay."

_John C. Sheehy_
Justice

I concur with the foregoing dissent of Mr. Justice John C. Sheehy.

_William E. Hunt_
Justice

Mr. Justice L. C. Gulbrandson, special response to dissent.

In response to the dissent of Justice John C. Sheehy, concurred in by Justice William E. Hunt, Sr., it should be pointed out that in the first sentence of his dissent filed in Blake I (Mont. 1986), 712 P.2d 1338, 1342, he acknowledges as follows:

> Proceedings to suspend the driver's license of one who refuses to submit to a chemical test designated by the arresting officer (section 61-8-402, MCA) and the right of appeal granted such driver (section 61-8-403, MCA) are civil in nature.

It should be further noted that the companion criminal action was dismissed on motion of the City Attorney in writing as follows:

> After checking with the Supreme Court in Helena, Montana, I am convinced that we will not get a decision in the Blake case on probable cause for another six to nine months. Therefore, I feel that you should dismiss the D.U.I. charges pending against Mr. Blake in your Court.
>
> Robert G. Dwyer
> City Attorney

> April 15, 1985, Charge Dismissed as per above letter from Atty. Dwyer
>
> Judge Delaney
> [City Police Judge]

In my view, the City Attorney's motion was appropriate in view of the requirement that the State must bring the defendant to trial within six months, and said motion should not be characterized as an admission that there was no evidence with which to convict the defendant.

_____
Justice

11