NO.  93-175

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

LARRY WAYNE THOMPSON,

        Plaintiff and Appellant,

    -v-

THE DEPARTMENT OF JUSTICE,
DRIVERS LICENSE BUREAU,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Richard R. Buley, Tipp & Buley, Missoula, Montana

        For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, Brenda
        Nordlund Assistant Attorney General, Helena,
        Montana: Robert L. Deschamps, III, Missoula County
        Attorney, Betty Wing, Deputy Missoula County
        Attorney, Missoula, Montana

Submitted on Briefs:  January 27, 1994

Decided:  March 24, 1994

FILED

MAR 24 1994

Filed:
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Appellant Larry Wayne Thompson (Thompson) appeals the order of the District Court of the Fourth Judicial District, Missoula County, which suspended Thompson's driver's license for a period of ninety days. We affirm the order of the District Court.

The sole issue for review is whether the District Court erred in suspending Thompson's license for ninety days.

Thompson was arrested on October 14, 1992, for allegedly driving under the influence of alcohol. The highway patrol officer who stopped him conducted a number of field sobriety tests before bringing him to the jail. When Thompson refused to take a breathalyzer test at the jail, the officer took his driver's license and submitted it to the Department of Justice's Drivers' License Bureau (the Department), along with a statement that the officer had reasonable cause to believe Thompson was driving under the influence of alcohol.

On October 16, 1992, Thompson filed a petition in District Court to review his license suspension. Neither the County Attorney's Office nor the Department were served with a copy of the petition and neither was notified in any manner of the filing of the petition. The District Court issued an order on October 27, 1992, ordering the Department to restore the petitioner's driving privileges for employment purposes pending a hearing. Thompson did not set the petition for hearing or give notice. Following the acquittal of Thompson in the Justice Court, on February 10, 1993, the County Attorney requested a hearing on the petition of Thompson

which had been filed on October 16, 1992. Following the hearing on March 2, 1993, the District Court determined that the arresting officer had reasonable belief Thompson was driving under the influence of alcohol and the court suspended Thompson's license for ninety days.

At the District Court hearing the arresting officer was the only witness to testify. In the course of the cross examination by Thompson's counsel, the following questions and answers were given:

Q. . . . Officer Palmer, I'm handing you what's been marked as Defendant's Exhibit "A." Is that the refusal affidavit which you would have submitted to the Driver's License Bureau or a copy of it?

A. Beside the obvious thing up in the corner, it appears to be, yeah.

Q. Is that your signature?

A. Yeah.

. . .

MR. BULEY: Obviously, it also contains a photocopy of Mr. Thompson's driving license.

The Exhibit "A" was admitted without objection. In oral argument following the conclusion of the officer's testimony, Thompson's counsel argued that Thompson's driver's license could not be suspended unless there was a sworn report as required under § 61-8-402(3), MCA. Counsel argued that Thompson's Exhibit "A" shows that the report which was submitted to the Driver's License Bureau is not sworn and that as a result there was no authority to suspend the license in the first instance.

The court inquired if this was a new issue which Thompson was raising and if the absence of proof of a sworn statement had to be

considered in this proceeding. The court then inquired if this document had been received from Helena and Thompson's counsel advised that it had been obtained from the County Attorney's Office. The court pointed out that there was no way to know if it was the same as the form submitted to the Motor Vehicle Division. The court further inquired if Thompson had notified the county that this was an issue and was advised that he had not so notified the county. The District Court then determined that it would not consider the issue.

Section 61-S-402, MCA (1991), provides in pertinent part:

> (3) If a driver under arrest refuses upon the request of a peace officer to submit to a test designated by the arresting officer as provided in subsection (1) [relating to blood, breath or urine], non shall be given, but the officer shall, on behalf of the department, immediately seize his driver's license. The peace officer shall forward the license to the department, along with a <u>sworn report</u> that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of the two, and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the department shall suspend the license for the period provided in subsection (5). (Emphasis supplied.)

Subsection (5) provides for a suspension of ninety days with no provision for a restricted probationary license upon a first refusal to submit to blood, breath or urine testing.

Thompson contends that as a condition precedent to any suspension of his license, the arresting officer was required by statute to submit a sworn report to the Department. The District Court relied on § 61-8-403, MCA (1991), for its decision not to address this issue. Section 61-8-403, MCA (1991), provides in

4

pertinent part:

> . . . [t]he court shall take testimony and examine into the facts of the case, except that the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of the two, whether the person was placed under arrest, and whether such person refused to submit to the test. The court shall thereupon determine whether the petitioner is entitled to a license or is subject to suspension as heretofore provided.

Thus, according to the above-quoted statute, the District Court was limited in the issues which it could address at the hearing.

The District Court entered its Findings of Fact, Conclusions of Law and Order on March 3, 1993, determining that (1) the arresting officer had reasonable grounds to believe that Thompson was driving a motor vehicle upon a public way while under the influence of alcohol: (2) that he had been placed under arrest; and (3) that Thompson refused to take the requested breath test. In Gebhardt v. State (1989), 238 Mont. 90, 95, 775 P.2d 1261, 1265, this Court pointed out that a hearing held under the statute regarding suspension of license--as in the present case--is a civil proceeding, and that such civil proceeding is separate and distinct from a criminal trial on the charge of operating a motor vehicle while under the influence of alcohol. As a result, the determination in Justice Court that Thompson was acquitted of driving under the influence is not a factor to be considered in the present case.

The District Court's jurisdiction in this case was limited by § 61-s-403, MCA (1991). In Blake v. State (1987), 226 Mont. 193,

198, 735 P.2d 262, 265, we stated:

> The function of this Court is simply to ascertain and declare what in terms or in substance is contained in the statutes and not to insert what has been omitted. . . . Where the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself. . . . Section 61-8-402, MCA, is patently clear that when a police officer has reasonable grounds to believe a person was driving or in actual physical control of a vehicle while under the influence of alcohol and the person refuses to take a chemical test, the State shall automatically suspend that person's driver's license for 90 days upon first refusal. (Citations omitted.)

The District Court concluded that under § 61-8-403, MCA (1991) and Blake, the court was required to determine if the officer had reasonable grounds to believe the person was driving the vehicle while under the influence of alcohol, whether the person was placed under arrest, and whether the person refused to submit to the test. The District Court concluded those were the only issues which it could properly determine.

We conclude that the District Court was correct in its limitation of the issues to those above described. We further conclude that the uncontradicted evidence supports the conclusion reached by the District Court.

With regard to the issue raised by Thompson as to the filing of the sworn report with the Department, we affirm the conclusion of the District Court that it should not consider that issue. We emphasize that neither the Department nor the County Attorney's Office was given notice of the filing of the petition by Thompson. In a similar manner, no notice was given to the State or County Attorney's Office that Thompson was raising an issue as to the filing of the proof of the sworn statement. As a result, neither

the County Attorney's Office nor the Department had the opportunity to present the actual report which was received by the Department to refute the contentions of Thompson. We conclude that the sworn report issue was neither properly raised nor presented.

We affirm the District Court order of suspension of Thompson's license.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

Justice William E. Hunt, Sr., dissenting.

I dissent from the opinion of the Court.

The majority follows the District Court's reasoning that at the hearing on petitioner's petition, he attempted to raise a new issue regarding proof of a sworn statement from the arresting officer. The majority concludes that the court rightly limited consideration of the officer's statement, pursuant to § 61-8-403, MCA (1991). Further, the majority, in effect, says that petitioner was obliged to notify both the county attorney and the Department of Justice of his petition before presenting evidence at the hearing that the officer had not filed a sworn statement along with petitioner's driver's license, with the Driver's License Bureau. I cannot agree.

Petitioner did not raise a new issue by offering this evidence at the hearing. While the District Court correctly relied on § 61-8-403, MCA (1991), for a determination of the appropriate scope of inquiry in a driver's license suspension appeal, Exhibit "A" was certainly within that scope. Section 61-8-403, MCA (1991), provides in part:

> [T]he court shall take testimony and examine into the facts of the case, except that the issues shall be limited to whether a peace officer <u>had reasonable grounds to believe the person had been driving</u> . . . and whether <u>such person refused to submit to the [sobriety] test.</u> [Emphasis added].

The issue of whether the peace officer's initial statement contained reasonable grounds to believe petitioner was under the influence of alcohol and/or drugs and refused to submit to a

8

sobriety test is supported directly by the veracity of that statement.

> [R]easonable grounds exist if the facts and circumstances within the personal knowledge of the arresting officer would be sufficient to warrant a reasonable person to believe that the motorist is under the influence of alcohol.

Boland v. State (1990), 242 Mont. 520, 524, 792 P.2d 1, 3 (citing Gebhardt v. State (1989), 238 Mont. 90, 97, 775 P.2d 1261, 1266). The probable cause inquiry allowed in § 61-8-403, MCA (1991), and the requirement in § 61-8-402(3), MCA (1991), that the officer file a "sworn report", necessarily involve one issue--whether the peace officer truly had reasonable grounds to make the arrest. The statutes must be read together. The purpose of the officer's sworn statement requirement under Montana's implied consent law, § 61-8-402, MCA (1991), is to assure that an officer is accountable for assertions that there is a particularized suspicion of wrongdoing, and in particular, reasonable grounds to believe that the arrestee had been driving or was in actual physical control of a vehicle upon "ways of this state open to the public," and that the person refused to submit to one or more sobriety tests.

The majority cites Blake v. State (1987), 226 Mont. 193, 735 P.2d 262, for the proposition that:

> The function of this Court is simply to ascertain and declare what in terms or in substance is contained in the statutes and not to insert what has been omitted. Where the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself. [Citations omitted].

9

Blake, 735 P.2d at 265.  In keeping with this rule, we should not turn a blind eye to the language in § 61-8-402(3), MCA (1991), which requires a peace officer to forward the driver's license to the Driver's License Bureau with a sworn statement that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle while under the influence of alcohol and/or drugs.  To ignore this requirement is to ignore our own dictate that we should declare the terms or substance of the statutes and not to insert language that would allow a peace officer to forward a sworn statement only at his own discretion.  Petitioner did not attempt to raise a new issue regarding proof of a sworn statement from the arresting officer, and the court improperly limited consideration of the officer's written statement, pursuant to § 61-8-403, MCA (1991).

As pointed out by the majority, Exhibit "A" was admitted without objection.  The District Court abused its discretion when on its own motion it ruled that petitioner's evidence lacked competency and refused to consider it.  The State carried the burden of objecting to the competency of petitioner's Exhibit "A" on the grounds that petitioner had not presented the best evidence.  By not preserving its objection, the State waived objection of the evidence on appeal.  Rule 103(a)(1), M.R.Evid.  The effect of the majority's opinion is to reverse the burden of proof in a civil hearing.  The decision alleviates the State's responsibility to comply with the directives of § 61-8-402, MCA (1991), and puts the

10

burden on a defendant to produce evidence that would prove that an officer had complied with the statute.

Finally, the majority places the burden on petitioner to notify both the county attorney and the Department of Justice of his petition before presenting evidence at the hearing that the officer had not filed a sworn statement, along with petitioner's driver's license, with the Driver's License Bureau. Section 61-g-403, MCA (1991), states in pertinent part:

> [The] court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 10 days' written notice to the county attorney of the county wherein the appeal is filed and such county attorney shall represent the state . . . .

Nowhere does the statute require petitioner to give notice to the county attorney and the Department of Justice that he had filed a petition to appeal the suspension of his driver's license. According to the statute, the District Court was required to notify the county attorney of the matter.

For these reasons I dissent from the opinion of the majority.

_____
                Justice


Justice Terry N. Trieweiler joins in the foregoing dissent.

_____
                Justice


11

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion.

Section 61-8-403, MCA, allows any person whose license has been suspended pursuant to § 61-8-402, MCA, to petition the district court for a hearing. The majority has concluded that the district court can only resolve three issues at that hearing: (1) whether the peace officer had reasonable grounds to believe that the petitioner operated his vehicle under the influence of alcohol; (2) whether the petitioner had been arrested: and (3) whether the petitioner refused to submit to blood-alcohol tests. However, the majority ignores the final sentence of § 61-8-403, MCA, which provides that "[t]he court shall determine whether the petitioner is entitled to a license or is subject to suspension or revocation."

The last sentence of § 61-8-403, MCA, necessarily requires that the district court determine whether the petitioner's license was properly suspended in the first place. The only procedure for suspension of a driver's license under the circumstances which exist in this case is provided for in § 61-8-402(3), MCA. That section specifically requires that the officer who seizes a driver's license for refusal to submit to a blood-alcohol test must send the license with a sworn statement to the Department of Justice and that the license shall not be suspended until "receipt of the report . . . ." Therefore, I conclude that in making the determination which is required by § 61-8-403, MCA,--that is whether petitioner's license was subject to suspension--the

12

**District Court must** necessarily decide whether the statutory procedure provided as a prerequisite for suspension was followed. In this case, based on the report which was admitted at the time of petitioner's hearing without objection by the State, the correct procedure was not followed.

The majority states that, because of lack of notice, neither the County Attorney's Office nor the Department of Justice had an opportunity to present the actual report. That would be of greater concern if it was not the County Attorney who provided the copy to petitioner in the first place, and if the District Judge had not given the County Attorney an opportunity to call the officer back to the stand in order to determine whether the copy admitted conformed in all respects to the original. Based on my review of the transcript, the County Attorney expressed no interest in resolving that issue when given the opportunity to do so at the time of the hearing.

For these reasons, I conclude, based on the record before us, that petitioner's license was not properly suspended. I dissent from the opinion of the majority and would reverse the judgment of the District Court.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing dissent.

_____
Justice

13

March 24, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the **following** certified order was sent by United States mail, prepaid, to the following named:

Richard R. Buley
Tipp & Buley
P.O. Box 3778
Missoula, MT 59806-3778

Hon. Joseph P. Mazurek, Attorney General
Peter Funk, Assistant
Justice Bldg.
Helena, MT 59620

Robert L. Deschamps, III, County Attorney
Betty Wing, Deputy
200 W. Broadway, Courthouse
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy