JUSTICE WEBER
delivered the Opinion of the Court.
Appellant Larry Wayne Thompson (Thompson) appeals the order of the District Court of the Fourth Judicial District, Missoula County, which suspended Thompson’s driver’s license for a period of ninety days. We affirm the order of the District Court.
The sole issue for review is whether the District Court erred in suspending Thompson’s license for ninety days.
Thompson was arrested on October 14,1992, for allegedly driving under the influence of alcohol. The highway patrol officer who stopped him conducted a number of field sobriety tests before bringing him to the jail. When Thompson refused to take a breathalyzer test at the jail, the officer took his driver’s license and submitted it to the Department of Justice’s Drivers’ License Bureau (the Department), along with a statement that the officer had reasonable cause to believe Thompson was driving under the influence of alcohol.
*374 On October 16, 1992, Thompson filed a petition in District Court to review his license suspension. Neither the County Attorney's Office nor the Department were served with a copy of the petition and neither was notified in any manner of the filing of the petition. The District Court issued an order on October 27, 1992, ordering the Department to restore the petitioner’s driving privileges for employment purposes pending a hearing. Thompson did not set the petition for hearing or give notice. Following the acquittal of Thompson in the Justice Court, on February 10, 1993, the County Attorney requested a hearing on the petition of Thompson which had been filed on October 16, 1992. Following the hearing on March 2, 1993, the District Court determined that the arresting officer had reasonable belief Thompson was driving under the influence of alcohol and the court suspended Thompson’s license for ninety days.
At the District Court hearing the arresting officer was the only witness to testify. In the course of the cross examination by Thompson’s counsel, the following questions and answers were given:
Q.... Officer Palmer, I’m handing you what’s been marked as Defendant’s Exhibit “A.” Is that the refusal affidavit which you would have submitted to the Driver’s License Bureau or a copy of it?
A. Beside the obvious thing up in the corner, it appears to be, yeah.
Q. Is that your signature?
A. Yeah.
MR. BULEY: Obviously, it also contains a photocopy of Mr. Thompson’s driving license.
The Exhibit “A” was admitted without objection. In oral argument following the conclusion of the officer’s testimony, Thompson’s counsel argued that Thompson’s driver’s license could not be suspended unless there was a sworn report as required under § 61-8-402(3), MCA. Counsel argued that Thompson’s Exhibit “A” shows that the report which was submitted to the Driver’s License Bureau is not sworn and that as a result there was no authority to suspend the license in the first instance.
The court inquired if this was a new issue which Thompson was raising and if the absence of proof of a sworn statement had to be considered in this proceeding. The court then inquired if this document had been received from Helena and Thompson’s counsel advised that it had been obtained from the County Attorney’s Office. The court pointed out that there was no way to know if it was the same as the *375 form submitted to the Motor Vehicle Division. The court further inquired if Thompson had notified the county that this was an issue and was advised that he had not so notified the county. The District Court then determined that it would not consider the issue.
Section 61-8-402, MCA (1991), provides in pertinent part:
(3) If a driver under arrest refuses upon the request of a peace officer to submit to a test designated by the arresting officer as provided in subsection (1) [relating to blood, breath or urine], none shall be given, but the officer shall, on behalf of the department, immediately seize his driver’s license. The peace officer shall forward the license to the department, along with a sworn report that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of the two, and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the department shall suspend the license for the period provided in subsection (5). (Emphasis supplied.)
Subsection (5) provides for a suspension of ninety days with no provision for a restricted probationary license upon a first refusal to submit to blood, breath or urine testing.
Thompson contends that as a condition precedent to any suspension of his license, the arresting officer was required by statute to submit a sworn report to the Department. The District Court relied on § 61-8-403, MCA (1991), for its decision not to address this issue. Section 61-8-403, MCA (1991), provides in pertinent part:
... [t]he court shall take testimony and examine into the facts of the case, except that the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of the two, whether the person was placed under arrest, and whether such person refused to submit to the test. The court shall thereupon determine whether the petitioner is entitled to a license or is subject to suspension as heretofore provided.
Thus, according to the above-quoted statute, the District Court was limited in the issues which it could address at the hearing.
The District Court entered its Findings of-Fact, Conclusions of Law and Order on March 3,1993, determining that (1) the arresting *376 officer had reasonable grounds to believe that Thompson was driving a motor vehicle upon a public way while under the influence of alcohol; (2) that he had been placed under arrest; and (3) that Thompson refused to take the requested breath test. In Gebhardt v. State (1989), 238 Mont. 90, 95, 775 P.2d 1261, 1265, this Court pointed out that a hearing held under the statute regarding suspension of license — as in the present case — is a civil proceeding, and that such civil proceeding is separate and distinct from a criminal trial on the charge of operating a motor vehicle while under the influence of alcohol. As a result, the determination in Justice Court that Thompson was acquitted of driving under the influence is not a factor to be considered in the present case.
The District Court’s jurisdiction in this case was limited by § 61-8-403, MCA (1991). In Blake v. State (1987), 226 Mont. 193, 198, 735 P.2d 262, 265, we stated:
The function of this Court is simply to ascertain and declare what in terms or in substance is contained in the statutes and not to insert what has been omitted. ... Where the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself. ... Section 61-8-402, MCA, is patently clear that when a police officer has reasonable grounds to believe a person was driving or in actual physical control of a vehicle while under the influence of alcohol and the person refuses to take a chemical test, the State shall automatically suspend that person’s driver’s license for 90 days upon first refusal. (Citations omitted.)
The District Court concluded that under § 61-8-403, MCA (1991), and Blake, the court was required to determine if the officer had reasonable grounds to believe the person was driving the vehicle while under the influence of alcohol, whether the person was placed under arrest, and whether the person refused to submit to the test. The District Court concluded those were the only issues which it could properly determine.
We conclude that the District Court was correct in its limitation of the issues to those above described. We further conclude that the uncontradicted evidence supports the conclusion reached by the District Court.
With regard to the issue raised by Thompson as to the filing of the sworn report with the Department, we affirm the conclusion of the District Court that it should not consider that issue. We emphasize that neither the Department nor the County Attorney’s Office was given notice of the filing of the petition by Thompson. In a similar *377 manner, no notice was given to the State or County Attorney’s Office that Thompson was raising an issue as to the filing of the proof of the sworn statement. As a result, neither the County Attorney’s Office nor the Department had the opportunity to present the actual report which was received by the Department to refute the contentions of Thompson. We conclude that the sworn report issue was neither properly raised nor presented.
We affirm the District Court order of suspension of Thompson’s license.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, GRAY and NELSON concur.