JUSTICE HUNT
dissenting.
I dissent from the opinion of the Court.
The majority follows the District Court’s reasoning that at the hearing on petitioner’s petition, he attempted to raise a new issue regarding proof of a sworn statement from the arresting officer. The majority concludes that the court rightly limited consideration of the officer’s statement, pursuant to § 61-8-403, MCA (1991). Further, the majority, in effect, says that petitioner was obliged to notify both the county attorney and the Department of Justice of his petition before presenting evidence at the hearing that the officer had not filed a sworn statement along with petitioner’s driver’s license, with the Driver’s License Bureau. I cannot agree.
Petitioner did not raise a new issue by offering this evidence at the hearing. While the District Court correctly relied on § 61-8-403, MCA (1991), for a determination of the appropriate scope of inquiry in a driver’s license suspension appeal, Exhibit “A” was certainly within that scope. Section 61-8-403, MCA (1991), provides in part:
[T]he court shall take testimony and examine into the facts of the case, except that the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving ... and whether such person refused to submit to the [sobriety] test. [Emphasis added].
The issue of whether the peace officer’s initial statement contained reasonable grounds to believe petitioner was under the influence of alcohol and/or drugs and refused to submit to a sobriety test is supported directly by the veracity of that statement.
[Reasonable grounds exist if the facts and circumstances within the personal knowledge of the arresting officer would be sufficient *378 to warrant a reasonable person to believe that the motorist is under the influence of alcohol.
Boland v. State (1990), 242 Mont. 520, 524, 792 P.2d 1, 3 (citing Gebhardt v. State (1989), 238 Mont. 90, 97, 775 P.2d 1261, 1266). The probable cause inquiry allowed in § 61-8-403, MCA (1991), and the requirement in § 61-8-402(3), MCA (1991), that the officer file a “sworn report”, necessarily involve one issue — whether the peace officer truly had reasonable grounds to make the arrest. The statutes must be read together. The purpose of the officer’s sworn statement requirement under Montana’s implied consent law, § 61-8-402, MCA (1991), is to assure that an officer is accountable for assertions that there is a particularized suspicion of wrongdoing, and in particular, reasonable grounds to believe that the arrestee had been driving or was in actual physical control of a vehicle upon “ways of this state open to the public,” and that the person refused to submit to one or more sobriety tests.
The majority cites Blake v. State (1987), 226 Mont. 193, 735 P.2d 262, for the proposition that:
The function of this Court is simply to ascertain and declare what in terms or in substance is contained in the statutes and not to insert what has been omitted. Where the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself. [Citations omitted].
Blake, 735 P.2d at 265. In keeping with this rule, we should not turn a blind eye to the language in § 61-8-402(3), MCA (1991), which requires a peace officer to forward the driver’s license to the Driver’s License Bureau with a sworn statement that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle while under the influence of alcohol and/or drugs. To ignore this requirement is to ignore our own dictate that we should declare the terms or substance of the statutes and not to insert language that would allow a peace officer to forward a sworn statement only at his own discretion. Petitioner did not attempt to raise a new issue regarding proof of a sworn statement from the arresting officer, and the court improperly limited consideration of the officer’s written statement, pursuant to § 61-8-403, MCA (1991).
As pointed out by the majority, Exhibit “A” was admitted without objection. The District Court abused its discretion when on its own motion it ruled that petitioner’s evidence lacked competency and *379 refused to consider it. The State carried the burden of objecting to the competency of petitioner’s Exhibit “A” on the grounds that petitioner had not presented the best evidence. By not preserving its objection, the State waived objection of the evidence on appeal. Rule 103(a)(1), M.R.Evid. The effect of the majority’s opinion is to reverse the burden of proof in a civil hearing. The decision alleviates the State’s responsibility to comply with the directives of § 61-8-402, MCA (1991), and puts the burden on a defendant to produce evidence that would prove that an officer had complied with the statute.
Finally, the majority places the burden on petitioner to notify both the county attorney and the Department of Justice of his petition before presenting evidence at the hearing that the officer had not filed a sworn statement, along with petitioner’s driver’s license, with the Driver’s License Bureau. Section 61-8-403, MCA (1991), states in pertinent part:
[The] court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 10 days’ written notice to the county attorney of the county wherein the appeal is filed and such county attorney shall represent the state ....
Nowhere does the statute require petitioner to give notice to the county attorney and the Department of Justice that he had filed a petition to appeal the suspension of his driver’s license. According to the statute, the District Court was required to notify the county attorney of the matter.
For these reasons I dissent from the opinion of the majority.
JUSTICE TRIEWEILER joins in the foregoing dissent.