No. 97-638

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 218

MICKY HAWMAN,

Petitioner and Appellant,

v.

STATE OF MONTANA, ex rel.,

DARRELL E. BECKSTROM, Chief

DRIVER IMPROVEMENT BUREAU,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Carbon,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer; Arndorfer Law Firm, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General

Jennifer Anders, Ass't Attorney General, Helena, Montana

Gary R. Thomas; Thomas Law Office, Red Lodge, Montana

Submitted on Briefs: July 23, 1998

Decided: September 3, 1998

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ **Appellant Micky Hawman was arrested for driving under the influence of alcohol on November 21, 1996. The arresting officer read him the implied consent law. Hawman refused to take a breath test and his license was seized pursuant to § 61-8-402(4), MCA. The following evening, the officer gave Mr. Hawman notification of the suspension of his driving license privileges. The officer did not issue a five-day driving permit under § 61-8-402(5), MCA.**

¶ **Hawman filed a petition in District Court pursuant to § 61-8-403, MCA. The District Court denied his petition and he appealed to this Court. We affirm the decision of the District Court.**

¶ **Under Montana law, a person is considered to have given consent to a test of his/her blood or breath for purposes of determining the presence of alcohol or drugs in the body. Section 61-8-402(1), MCA. Refusal to take the requested test results in immediate seizure of the person's license. The license is then suspended for a specified period of time. Sections 61-8-402(4) and (6), MCA. Hawman relies on the provisions of subsection (5), which provide: "Upon seizure of a driver's license, the peace officer shall issue, on behalf of the department, a temporary driving permit, which is valid for 5 days following the date of issuance and shall provide the driver with written notice of the license suspension or revocation and the right to a hearing provided in 61-8-403." Section 61-8-402(5), MCA. It is undisputed that the peace officer did not issue Hawman a temporary driving permit. As a consequence of that omission, Hawman contends that he is entitled to have his license reinstated.**

¶ **If an individual believes that the officer lacked statutory authority to request the test in the first instance, he may challenge the license suspension in district court.** *See* **§ 61-8-403, MCA. The scope of a hearing under § 61-8-403, MCA, is limited to the following issues:**

(4)(a) The court shall take testimony and examine the facts of the case, *except that the issues are limited to whether*:

(i)   a peace officer had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person was placed under arrest for violation of 61-8-401;

(ii)  the person is under the age of 21 and was placed under arrest for a violation of 61-8-410;

(iii)  the officer had probable cause to believe that the person was driving or in actual physical control of a vehicle in violation of 61-8-401 and the person was involved in a motor vehicle accident or collision resulting in property damage, bodily injury, or death; and

(iv)  the person refused to submit to one or more tests designated by the officer.

Section 61-8-403(4)(a), MCA (emphasis added).

¶ Subsection (4)(b) then goes on to provide that "[b]ased on the above issues and no others, the court shall determine whether the petitioner is entitled to a license or whether the petitioner's license is subject to suspension or revocation." Section 61-8-403(4)(b), MCA.

¶ Although Hawman filed a petition under § 61-8-403, MCA, he did not raise any of the issues enumerated by the statute. Rather, Hawman alleged that the arresting officer failed to issue him a temporary driving permit and requested that his license be reinstated as a remedy for that omission. The District Court recognized that its scope of review was limited by the express provisions of § 61-8-403, MCA, and refused to consider the officer's failure to issue a temporary permit as a basis for reinstating Hawman's license.

¶ We have strictly construed the provisions of § 61-8-403(4)(a), MCA, and have held that the Legislature clearly intended to limit the issues that a court may consider on appeal pursuant to that statute. In Blake v. State (1987), 226 Mont. 193, 735 P.2d 262, we held that the trial court could not consider the issue of hardship as a mitigating factor in granting a restricted or probationary license. *See also* Thompson v. Department of Justice (1994), 264 Mont. 372, 871 P.2d 1333. The District Court correctly concluded that it had no jurisdiction under § 61-8-403, MCA, to consider issues other than those specifically listed in the statute. Without addressing the question of whether some other legal remedy may be available to Hawman, we hold that an appeal under § 61-8-403, MCA, does not allow for reinstatement of a driver's license due to the officer's failure to issue a temporary license under § 61-8-402(5), MCA.

¶ Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER